## Robbins et al. v. State Bank & Trust Co. of Richmond et al.

January 16, 1951.

William J. Baxter, Judge.

George C. Robbins for appellants.

George T. Ross for appellees.

VAN SANT, COMMISSIONER—Affirming.

This action was instituted by appellees against appellants to require them to specifically perform a contract for the purchase of certain real estate in Richmond. The sole basis for refusing to perform the contract is appellants' apprehension that appellees cannot pass a marketable fee simple title to the property. The property originally was owned by Anne B. Collins who devised it to her husband, in trust, with power to appoint his successor, who in turn should have the right "to sell and convey (the property) for the purpose of reinvestment in property of like kind and character." Mr. Collins exercised the power of appointment by will, naming State Bank and Trust Company of Richmond to succeed him as trustee. It was in the exercise of the power contained in the words hereinbefore quoted that the trust company sold the property to appellants. KRS 394.530 provides:

"Where lands are devised to be sold on special or general trust, or are conveyed or devised to trustees or

executors in trust to be sold generally or for any specific purpose, the purchaser shall not be bound to look to the application of the purchase money, unless so expressly required by the conveyance or devise.''

Neither the will of Mrs. Collins nor that of her husband contains any words which can be construed to be an expression that the purchaser of the property should be bound to look to the application of the purchase money. That being true, appellants would not be liable for any misapplication, if such should occur, of the purchase money and cannot refuse to accept a deed to the property on that account. But it is insisted that if this view be adopted by the court, the judgment should be reversed because the Chancellor failed to direct the trustee to invest the property in other property of like kind and character, or, at least, to direct that the reinvestment be approved by the court. This argument is specious. When appellants pay the purchase price they have no further interest in the matter and can make no complaint of the judgment in respect to the duties of the trustee after conveyance is made.

The judgment is affirmed.