Norman G. **ROHLEDER**, Appellant,

v.

Mary Cecelia **FRENCH**, Individually and as Next Friend to Joseph Carroll French, and as Co-Administratrix of the Estate of James J. French, Deceased; Judath French Fehribach; James J. French; Edward F. Campbell; Mary Joan French Spellman, Individually and as Co-Administratrix of the Estate of James J. French, Deceased; Marion French Akers; and Joseph Carroll French, Appellees.

Court of Appeals of Kentucky.

April 6, 1984.

Discretionary Review Denied
Sept. 6, 1984.

William F. Stewart, Gregg Neal, Neal, Stewart & Davis, Shelbyville, for appellant.

G. Hunter Logan, Jr., Hardy, Logan & Priddy, Louisville, for appellees.

William Katzinski, Louisville, Guardian Ad Litem.

Before GUDGEL and LESTER, JJ., and B.R. PAXTON, Special Judge.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Jefferson Circuit Court in an action for specific performance. The court adjudged that appellant is obligated to perform a contract to purchase a parcel of real property, the title to which had been vested in a trustee who died several years ago. Appellant contends that the court erred in finding that appellees made a timely offer to convey marketable title to the property to him and in finding that all necessary parties were before the court. We disagree with his contentions. Hence, we affirm.

Appellees Mary Cecelia French, Joseph Carroll French, Judath French Fehribach,

and James J. French, Junior, are the heirs-at-law of James J. French. French died intestate in 1973. At the time of his death, he owned a parcel of real estate in Louisville which had been conveyed to him as "trustee with full power in said trustee to mortgage, sell, trade and convey on any terms he sees fit, without any such mortgagee, purchaser or grantee, being required to look to the application of the proceeds thereof." In June, 1981, French's heirs and the heirs of his siblings entered a written contract to sell the subject property to appellant for a total price of $45,000. They agreed to convey a good and marketable title and to obtain the "necessary" court approval for the sale of the interest of one of French's heirs, who is an incompetent, on or before October 1, 1981. A judgment approving the sale of the incompetent's interest and authorizing the court's commissioner to execute the deed on his behalf was entered on September 28, 1981. Appellees and the commissioner then signed a deed and tendered it to appellant, together with an appropriate affidavit of descent. Appellant refused to accept it. Appellees then filed a supplemental complaint and asserted a third-party claim against appellant for specific performance. Eventually, the court entered a judgment directing appellant to specifically perform his contract to purchase the property. This appeal followed.

At the outset, we must deal with appellant's motion to strike all reference in appellees' brief to two deeds, one dated June 6, 1929 and the other dated June 7, 1929, and a mortgage for $2,100 to the C.W. Brickey Lumber Company from one Judath. Appellant contends that none of these documents have been made a part of the record, so that any reference to them in appellees' brief is improper. An examination of the record before us indicates that copies of the deeds and mortgage were never properly introduced into evidence as required by KRS 422.020(5). On appeal, our review is confined to matters properly made a part of the record below. *Fortney v. A.J. Elliott's Administrator*, Ky., 273

S.W.2d 51 (1954). We therefore sustain appellant's motion to strike those portions of appellees' brief which refer to the 1929 deeds and the mortgage. This ruling, however, does not affect our decision on the merits.

Appellant refused to perform his contract because a successor trustee was not appointed to replace French before October 1, 1981. Because of this failure, appellant contends that the title to the property was not marketable, so that he had no duty to purchase it. Appellant's position is untenable.

French was an inter vivos trustee. Thus, the provisions of KRS Chapter 395 relating to successor trustees did not apply to him because it governs only testamentary trustees. *See* KRS 395.001. Moreover, no evidence was adduced that a trust instrument existed which provided for a disposition of the property upon French's death. Therefore, when French died intestate, there being no trust instrument providing otherwise, legal title to the property he held as trustee vested in his heirs-at-law. 76 Am.Jur.2d *Trusts* § 100 (1975); *Restatement (Second) of Trusts* § 104 (1959). Further, because French's heirs were vested with legal title to the property, those heirs could legally convey a marketable title to appellant even though no evidence existed as to the terms of the trust or the identity of its beneficiaries. The deed to French as trustee vested him with the power to sell the property on any terms he saw fit and specifically exempted any purchaser from being required to look to the application of the proceeds. This exemption would have rendered any purchaser from French immune from liability to any unidentified trust beneficiaries. KRS 394.530. When French's heirs acquired title upon his death they succeeded to the same rights he had possessed. Therefore, once the court approved the sale of the interest of the incompetent heir, French's heirs were in a position to convey marketable title to the property, and appellant had no basis for refusing to consummate his agreement to purchase it. *Robbins v.*

*State Bank & Trust Co. of Richmond,* 314 Ky. 401, 235 S.W.2d 1019 (1951). This is especially true since all persons other than French's heirs who might have had an interest in the property also joined in the conveyance. Appellant's remaining contentions are without merit.

The judgment is affirmed.

All concur.