Felicia Donise HEARD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2003–SC–1031–DG.

Supreme Court of Kentucky.

Sept. 22, 2005.

---

V. Gene Lewter, Fayette Co. Legal Aid Inc., Lexington, Counsel for Appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Perry T. Ryan, Criminal Appellate Division, Courtney J. Hightower, Criminal Appellate Division, Assistant Attorneys General, Frankfort, Counsel for Appellee.

Opinion of the Court by Justice SCOTT.

This case comes to us on discretionary review of the Court of Appeals' opinion affirming the judgment of the Fayette Circuit Court, which sentenced Appellant to one year imprisonment, probated for five, on charges of possession of cocaine, marijuana and drug paraphernalia. We granted review to determine whether the trial court erred by denying Appellant's motion to require the Commonwealth to reveal the identity of the confidential informant. After reviewing the record, we remand this case to the trial court for a new hearing consistent with this opinion.

## I. Facts

Appellant was indicted by the Fayette County Grand Jury, along with co-defendant, Jermaine Christian, for the felony offense of Trafficking in a Controlled Substance First Degree, Possession of Marijuana and Possession of Drug Paraphernalia. A joint trial was held on September 26, 2002. Appellant was found guilty only of possession, while Christian was found guilty of trafficking and being a persistent felony offender in the second degree.

All charges arose from incidents which occurred on the night of January 8, 2000, after a confidential informant purchased cocaine from a man identified as "Big Man" at Appellant's address. Police believed "Big Man" to be Appellant's boyfriend, Jermaine Christian. Based on this information, within an hour of the controlled purchase, police officers obtained and executed a search warrant. When the police entered Appellant's apartment, Appellant was found in the kitchen while Christian and two others were in the living room playing a play station game. Officers seized numerous items from the apartment including several grams of crack cocaine found on a dresser located in a bedroom, two baggies of marijuana, hand scales, digital scales, razor blades, and two cell phones. Detective Smoot determined Christian and Appellant lived at the residence based on the addresses listed on their drivers' licenses.

All the charges against Appellant and Christian were based on items and information gathered during the execution of the search warrant, not from any evidence obtained by way of the undercover drug purchase.

At Appellant's hearing on her motion to require the Commonwealth to reveal the identity of the confidential informant, the Commonwealth acknowledged the affidavit for the search warrant showed that the sale of cocaine was made by "Big Man," from Appellant's address, but said they had no intention of referring to that incident during the trial; the charge tried would be Possession with Intent to Sell, not the actual trafficking incident. Appellant argued the informant's testimony would still be relevant to show the cocaine found was not in her possession. In his ruling, the judge stated he had the same issue presented a month before and had overruled it; to be consistent, he would (and did) make the same ruling regarding Appellant's motion.

Appellant renewed her motion at the beginning of trial and later to rebut Christian's attempt to prove he did not reside at Appellant's apartment, i.e. that the cocaine seized there did not belong to him. All motions were denied.

## II. The Confidential Informant's Identity

Kentucky Rule of Evidence 508(a) gives the Commonwealth a privilege to refuse to disclose the identity of confidential informants. Exceptions to the general rule of privilege are set forth in KRE 508(c). Such exceptions include (1) voluntary disclosure by the holder of the privilege, (2) the informer is a witness for the state, and/or (3) the informer's testimony is relevant to the issues of the case.

■ Appellant is arguing an exception to the KRE 508 privilege based on her contention the informant's testimony is highly relevant in proving her innocence to the charge of Possession with Intent to Sell.

■ KRE 508 reflects the decision of the United States Supreme Court in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), which indicates that a proper balance regarding nondisclosure must depend on the particular circumstances of each case, taking into consideration the crimes charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors. *Taylor v. Commonwealth*, 987 S.W.2d 302, 304 (Ky.1998). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60–61, 77 S.Ct. at 628.

Yet, embedded within KRE 508(c)(2) is the following language: "the court shall give the public entity an opportunity to make an *in camera showing* in support of the claim of privilege." (Emphasis added).

Thus, by the very words of the rule as well as the caselaw it supports, the court is to allow for an "in camera" showing, i.e. hearing, of the parties' claims regarding the privilege. In this case, the court simply overruled Appellant's motions without a formal hearing and finding. Making a blanket ruling for the sole purpose of consistency with prior case rulings does not allow either the Appellant, or the Commonwealth, the proper opportunity to prove their "case" regarding this issue of informant disclosure or privilege. Therefore, we find the trial court abused its discretion in not conducting an "in camera" hearing regarding the motion.

Our caselaw provides that a defendant who requests disclosure of the identity of an informant must first make a proper showing that an exception applies. *See Schooley v. Commonwealth*, 627 S.W.2d 576 (Ky.1982). Once Appellant has made such a showing, the burden would shift to the Commonwealth to overcome this inference. *See United States v. McManus*, 560 F.2d 747 (6th Cir.1977). Factors a court would normally consider include whether the informant's life would be in danger were his identity revealed or if he is needed for other undercover work, etc.

We believe a proper determination cannot be made regarding the KRE 508 privilege without the trial court conducting an "in camera" hearing. Accordingly, we remand this case to the trial court for the limited purpose of holding a KRE 508 "in camera" hearing consistent with this opinion. Appellant must establish that it "appears that an informer may be able to give relevant testimony" and once she has successfully met this burden, which we believe

the circumstances of this case will allow (as she and her co-defendant are both arguing the cocaine was in the constructive possession of the other), the burden would then shift to the Commonwealth to establish why the informant's identity should remain concealed. Only after such a hearing could the court's denial of Appellant's motion be proper and we then could properly review this matter.

Thus, we now abate this appeal pending the findings and conclusions from the KRE 508 hearing. The hearing order shall issue within 90 days from the entry of this Opinion. If the trial court rules the informant's identity shall be revealed, it shall enter an order granting a new trial pursuant to RCr 10.02 from which the Appellee may appeal. If the trial court determines Appellant could not successfully establish an exception to the KRE 508 privilege, then it shall make findings of fact in support of this conclusion in its order, which shall then be appealable by the Appellant herein. Any appeal taken by either party from an adverse decision of the Fayette Circuit Court shall be consolidated with this appeal. Further, briefing on any subsequent appeal shall be limited to ten pages by each side and, like the hearing on remand, shall be limited to only those issues addressed in this Opinion. Finally, the Fayette Circuit Court shall notify this Court of its final disposition of this matter within ten (10) days of the entry of its final order.

All concur.