Alan BAKER, Appellant,

v.

Sandy JONES, Mayor, City of Bowling Green; and City of Bowling Green, Appellees.

No. 2004–CA–002126–MR.

Court of Appeals of Kentucky.

Jan. 20, 2006.

Discretionary Review Denied by Supreme Court Sept. 13, 2006.

Matthew J. Baker, Bowling Green, KY, for Appellant.

Charles E. English, Jr., Brett A. Reynolds, Bowling Green, KY, for Appellee Sandy Jones, Mayor of City of Bowling Green.

Barton D. Darrell, William T. Wade, Jr., Bowling Green, KY, for appellee City of Bowling Green.

Before BARBER, HENRY, and VANMETER, Judges.

## OPINION

VANMETER, Judge.

Records of a public agency which are preliminary in nature are not required to be disclosed under the Kentucky Open Records Act. The primary issue presented in this appeal is whether the inadvertent or unauthorized disclosure of emails to a local newspaper reporter constituted a waiver of the disclosure exemption. We hold that it did not, and we therefore affirm the judgment of the Warren Circuit Court.

On June 15, 2004, Alan Baker hand delivered an open records request to the City of Bowling Green and the Bowling Green mayor, Sandy Jones. The single copy of this letter was physically received by Teresa Watwood, a receptionist at City Hall. She, in turn, followed established procedures and forwarded the letter to the Bowling Green legal department for response.

Baker's letter requested

any and all records in your possession regarding the "confidential memorandum" referenced in your editorial letter to the Daily News of Saturday, June 12, 2004. Specifically, please provide a copy of this memorandum, along with any and all other documents authored by the City Attorney, the Mayor of Bowling Green, or any sitting City Commissioner which relates to the City's determination on whether or not to pay Steve Catron's legal bills. All electronic messages should be delivered in compliance with this request, along with any and all paper documents.

Also, you will remember the Daily News article of November 23, 2003. A copy is provided. Please provide copies of all documents and messages that are referenced in that article.[1]

In response, the City Clerk advised Baker where he could obtain a copy of the "confidential memorandum" but denied the balance of the request. Two grounds for the denial were set forth. The first was that the request was worded too broadly to identify specific documents, and that it would therefore place an unreasonable burden on the city to produce an unknown number of public records. The second was that internal emails between the mayor and the city commissioners and/or the city attorney constituted preliminary drafts, recommendations or memorandum, and/or attorney/client communications and were therefore exempt from disclosure by KRS 61.878(1)(i), (j), and (*l*). Baker requested reconsideration but when none was forthcoming, he filed this action in the Warren Circuit Court against the mayor and the city.

In response to the lawsuit, both defendants denied a violation of the Open Records Act. However, in the process they disclosed a substantial number of the requested documents to Baker and the circuit court. The circuit court granted summary judgment to Mayor Jones on the basis that she was never personally served with, and never received, the request since it was delivered to the City Hall receptionist, who in turn forwarded it directly to the City's legal department for response. The circuit court also granted summary judgment to the City on the grounds that the

---

1. The November 23, 2003 newspaper article refers to the Confidential Memorandum, and to internal city emails at which the mayor and city commissioners discussed a controversy involving alleged overbillings of the local Convention Center by its attorney and accountants for professional fees.

emails were exempt from disclosure as they related to preliminary drafts, recommendations or memorandum. This appeal followed.

■ Under KRS 61.878(1), the General Assembly has determined that certain records should be exempt from disclosure. Those exempted records include "(i) [p]reliminary drafts, notes, correspondence with private individuals, other than correspondence which is intended to give notice of final action of a public agency; [and] (j) [p]reliminary recommendations, and preliminary memoranda in which opinions are expressed or policies formulated or recommended." [2]

As found by the circuit court, the emails which were exchanged between the mayor and the city council members were preliminary discussions involving what course of action should be taken in regard to a controversy pertaining to apparent irregularities in the finances of the local convention center. Having reviewed the emails in question, we agree that the emails were "preliminary recommendations, and preliminary memoranda in which opinions are expressed or policies formulated or recommended." [3] Thus the emails were not subject to disclosure, and it follows that neither the city nor the mayor is liable for willfully withholding records in violation of the Open Records Act. [4]

■ Baker argues that the city's ordinances nevertheless mandate disclosure of the emails under the Open Records Act. The ordinance in question sets forth standards for the utilization of electronic communications. Specifically, Baker points to language in the ordinance which provides that "employees have no right or reasonable expectation of privacy in the use of . . . electronic mail," and that "all messages are subject to the Open Records Act and are official communications of the city." As we read these policies, however, they appear to be precautionary in nature, rather than policies which mandate disclosure. The phrase "subject to the Open Records Act" is much less stringent than, for example, "shall be disclosed under the Open Records Act." [5]

■ Baker next argues that the circuit court erred in dismissing Jones from the suit since she was never served personally with the Open Records request. Under the Open Records Act, a written application to inspect public records "shall be hand delivered, mailed or sent via facsimile to the public agency." [6] The fact that requests may be sent by mail or by facsimile evidences a legislative intent that delivery to the office of the mayor was sufficient to trigger her obligation, as mayor, to comply with the requirements of the Open Records Act. The fact that Jones personally never saw the request is irrelevant. To hold otherwise would be tantamount to encouraging our government officers to "bury their heads in the sand" to public matters with which they are charged. However, since the emails which were the subject of the Open Records request were preliminary, they were not subject to disclosure. As the circuit court correctly noted, the issue concerning service on the mayor is therefore moot.

**2.** KRS 61.878(1).

**3.** *Id.*

**4.** KRS 61.882(5).

**5.** *Cf. Commonwealth v. Shirley,* 140 S.W.3d 593 (Ky.App.2004) (court holding that phrase "subject to forfeiture" does not mandate forfeiture, but allows for an exercise of discretion).

**6.** KRS 61.872(2). No question exists, and Jones concedes, that Jones as mayor is a local public official and therefore is a "public agency." KRS 61.870(1)(a).

■ Baker's final argument concerning the circuit court proceeding is that the Open Records exceptions relating to preliminary matters were waived upon the disclosure of the emails to the local newspaper. We agree, however, with the City's argument that only the city clerk or the City, by a vote of its commissioners, could effectively make a disclosure of City records.[7] "Exemptions to disclosure under a public records act are usually fully applicable absent evidence that the public office having custody of the records disclosed the records to the public."[8] Inadvertent or unauthorized release of some material does not result in the waiver of exemptions.[9] Since for purposes of the Open Records Act the city clerk is deemed to be the official custodian of public records,[10] and no allegation exists that the Bowling Green City Clerk made the disclosures to the paper or that the city commission authorized such action, no waiver of the exemptions occurred prior to the disclosure of the emails occasioned by this action.

■ Finally, Baker filed a motion pursuant to CR 76.12(8)(a) to strike the briefs of Jones and the City on the grounds that they referred to evidence not included in the record on appeal. The motion to strike was passed to this panel of the court for consideration of the case upon the merits. CR 76.12(8)(a) provides that a brief may be stricken "for failure to comply with any substantial requirement of this Rule 76.12." CR 76.12(4)(c)(iv) requires "ample references to the specific pages of the record," clearly referring to the record on appeal.

■ On appeal, our review is confined to matters properly made a part of the record below.[11] The offending part of Jones' brief consists of a reference to the fact that she was defeated in her bid for re-election as mayor in 2004, while the offending parts of the City's brief consist of references to municipal ordinances and an unsigned settlement agreement. Although the presentation of extraneous material in briefs is improper, it is not always sufficiently egregious to warrant the drastic relief urged by Baker.[12] Here, the presentation of material not in the record on appeal does not warrant striking the entire brief of either Jones or the City. Therefore, we will deny the motion to strike but observe that we have not considered any extraneous material in reaching the decision on the merits.

The decision of the Warren Circuit Court is affirmed.

ALL CONCUR.

7. KRS 61.870 to 61.882; KRS 83A.085 and 83A.150(3).

8. 37A Am.Jur.2d *Freedom of Information Acts* § 73 (2005).

9. *Id.*

10. KRS 83A.085(3)(b).

11. *Fortney v. Elliott's Adm'r*, 273 S.W.2d 51, 52 (Ky.1954); *Rohleder v. French*, 675 S.W.2d 8, 10 (Ky.App.1984).

12. *Rankin v. Blue Grass Boys Ranch, Inc.*, 469 S.W.2d 767, 769 (Ky.1971), *superseded on other grounds by statute as stated in Zurich Am. Ins. Co. v. Haile*, 882 S.W.2d 681, 686 (Ky. 1994).