James D. COLLETT, Jr., Appellant,

v.

Oneeta C. DAILEY as Guardian of Hazel C. Collett, Appellee.

No. 2010–CA–002115–ME.

Court of Appeals of Kentucky.

Nov. 23, 2011.

Discretionary Review Denied by Supreme Court Aug. 15, 2012.

Marcus D. Gale, Covington, KY, for appellant.

Richard A. Brueggemann, Scott R. Thomas, Fort Mitchell, KY, for appellee.

Before TAYLOR, Chief Judge; CLAYTON, Judge; LAMBERT,[1] Senior Judge.

*OPINION*

CLAYTON, Judge:

James D. Collett, Jr. brings this appeal from an August 18, 2010 domestic violence order entered in the Kenton Circuit Court, Family Court Division, finding that James perpetrated acts of domestic violence or abuse against his mother, Hazel C. Collett. We affirm.

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

On July 12, 2010, Oneeta C. Dailey, as guardian for her mother, Hazel Collett, filed a domestic violence petition against her brother and Hazel's son, James, in the Kenton Circuit Court, Family Court Division (family court). Therein, Oneeta specifically alleged that James committed numerous acts of verbal abuse, harassment, and interference with caregivers who were providing nutritional, medical, and physical care to Hazel.

The family court subsequently conducted an evidentiary hearing on the petition pursuant to Kentucky Revised Statutes (KRS) 403.745. During the evidentiary hearing, the court heard testimony from five witnesses: Oneeta, James, two of Hazel's caregivers, and a social worker from Adult Protective Services. Following the evidentiary hearing, the family court found that James had committed "act(s) of domestic violence or abuse" against Hazel and ordered that James be restrained from having any contact or communication with Hazel. The order further directed that James remain at least 500 feet away from Hazel except in a supervised setting approved by Oneeta. James was also ordered to vacate the residence he shared with his mother. This appeal follows.

James contends that the family court erred by finding that he committed acts of domestic violence or abuse against Hazel within the meaning of KRS 403.720. James specifically asserts the family court's finding of domestic violence or abuse is not supported by a sufficient quantum of evidence.

Domestic violence and abuse is defined as "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple[.]" KRS 403.720(1). The lower court's finding of domestic violence or abuse will not be set aside unless clearly erroneous. *Caudill v. Caudill*, 318 S.W.3d 112 (Ky.App.2010); Kentucky Rules of Civil Procedure (CR) 52.01. A finding of fact is clearly erroneous if not supported by substantial evidence. *Moore v. Asente*, 110 S.W.3d 336 (Ky.2003). Substantial evidence is evidence within "sufficient probative value to induce conviction in the minds of reasonable men." *Id.* at 354 (footnote omitted). With this standard in mind, we shall undertake a review of the evidence presented at the hearing.

Hazel, at the time of the petition, was an eighty-three-year-old woman who had recently broken her hip. She was in need of assisted care and at a high risk for falling. James prevented caregivers from attending to his mother; from giving Hazel her medications and food; and, from providing physical support and assistance to her. Although his mother used a walker, James removed the night lights and placed throw rugs in areas where Hazel would need to walk. These actions impeded his mother's ability to walk safely in her home. Because of Hazel's fragile condition, these actions by James meet the statutory definition of domestic violence. Consequently, James put her (or, in this case, her guardian) in fear of imminent physical injury and serious physical injury as contained in the definition of domestic violence found in KRS 403.720(1). Therefore, in this case, with this petitioner, the evidence supports the issuance of a protective order.

The domestic violence statutes are to be interpreted by the courts to effectuate certain express legislative purposes. The first listed purpose of the domestic violence statutes is as follows:

> To allow persons who are victims of domestic violence and abuse to obtain effective, short-term protection against further violence and abuse in order that

their lives will be as secure and as uninterrupted as possible[.]

KRS 403.715(1). James's actions were contrary to allowing Hazel to have a secure and uninterrupted life. As such, in the instant case, Hazel is a victim of domestic violence. In *Baird v. Baird,* 234 S.W.3d 385, 387 (Ky.App.2007), this Court held that:

> A DVO [domestic violence order] may be entered by a court after a full evidentiary hearing "if it finds from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred or may again occur...." KRS 403.750(1). The preponderance of the evidence standard is met when sufficient evidence establishes that the alleged victim "was more likely than not to have been a victim of domestic violence." *Commonwealth v. Anderson,* 934 S.W.2d 276, 278 (Ky.1996).

Here, the trial court was in the best position to weigh the credibility of the witnesses who testified that James created conditions at the home of his mother that could have resulted in physical injury to her. The trial court could certainly find that James's actions were not mere interference or harassment but were actions that could have left his mother without medically required care and that created dangerous conditions within the home. Oneeta and the representative of Adult Protective Services testified that they were afraid that James's actions would result in physical injury to Hazel since James engaged in a pattern of conduct that continuously placed his mother at risk.

The definition of "imminent" is found in KRS 503.010(3) as follows: "impending danger, and, in the context of domestic violence and abuse as defined by KRS 403.270, belief that danger is imminent can be inferred from a past pattern of repeated serious abuse." Under the facts of this case, with an elderly and infirm petitioner, James exhibited a past pattern of repeated serious abuse that put his mother at risk for the behavior from which the domestic violence statutes were designed to protect.

Therefore, considering the definition of domestic violence and abuse as set forth in KRS 403.720(1) and the evidence introduced at the evidentiary hearing, we conclude that the family court's finding of domestic abuse and violence were supported by substantial evidence. Based upon the particular facts and circumstances of this case, the trial court's findings were not erroneous and the order of the Kenton Circuit Court, Family Court Division, is affirmed.

LAMBERT, Senior Judge, Concurs.

TAYLOR, Chief Judge, Dissents and Files Separate Opinion.

TAYLOR, Chief Judge, Dissenting:

Respectfully, I dissent. While the evidence below established that James interfered with the caregivers' attempts to provide care to Hazel, it failed to prove that James perpetrated any act of physical abuse, serious physical injury, sexual abuse or assault upon Hazel or that James inflicted an imminent fear of physical abuse, serious physical injury, sexual abuse or assault upon Hazel. These are necessary components of domestic violence as defined in KRS 403.720(1). Rather, the evidence demonstrated that James harassed Hazel's caregivers and directly interfered with their care of Hazel. Such interference and harassment by James does not rise to the level of domestic abuse or violence directed toward Hazel as mandated by the statute, in my opinion. The legal guardian for Hazel, James's sister, could arguably have pursued a tempo-

rary or permanent injunction against James under CR 65.01 for interference in the performance of her statutory duties. However, given the definition of domestic violence and abuse as set forth in KRS 403.720(1) and the evidence introduced at the evidentiary hearing, I believe the family court's finding of domestic abuse and violence was clearly erroneous because it was not supported by substantial evidence, in my opinion. I can find no authority under Kentucky law that would impute the acts of harassment by James toward the caregivers as domestic violence against Hazel, regardless of how deplorable James's conduct may have been.

Accordingly, there being no domestic violence against Hazel as defined by applicable law, I would reverse the DVO entered against James by the family court in this action.