RENDERED: AUGUST 14, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-001361-MR

JEROME HAWKINS                                                        APPELLANT

v.
APPEAL FROM HENDERSON CIRCUIT COURT
HONORABLE KAREN LYNN WILSON, JUDGE
ACTION NO. 13-CR-00251

COMMONWEALTH OF KENTUCKY                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE: Jerome Hawkins appeals the Henderson Circuit Court's denial

of his RCr[1] 11.42 motion for post-conviction relief alleging his counsel's

assistance was ineffective. He also asserts he was entitled to appointment of

---

[1] Kentucky Rules of Criminal Procedure.

counsel and an evidentiary hearing on his post-conviction motion. After careful review, we affirm.

## BACKGROUND

Hawkins was indicted on one count of first-degree trafficking in a controlled substance (four or more grams of cocaine), one count of trafficking in marijuana (over eight ounces), and one count of being a first-degree persistent felony offender. The jury found Hawkins guilty on all charges. He was sentenced to seventeen years in prison. The Kentucky Supreme Court affirmed his conviction. *Hawkins v. Commonwealth*, 536 S.W.3d 697 (Ky. 2017).

After his judgment of conviction was affirmed, Hawkins, acting *pro se*, filed an RCr 11.42 motion to vacate the judgment for ineffective assistance of counsel. He also moved for appointment of counsel. The circuit court denied his motions without conducting an evidentiary hearing. This appeal followed.

## STANDARD OF REVIEW

Every defendant is entitled to reasonably effective, but not necessarily errorless, counsel. *Fegley v. Commonwealth*, 337 S.W.3d 657, 659 (Ky. App. 2011). In evaluating a claim of ineffective assistance of counsel, we apply the familiar "deficient-performance plus prejudice" standard first articulated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984).

Under this standard, the movant must first prove his counsel's performance was deficient. *Id.*, 466 U.S. at 687, 104 S. Ct. at 2064. To establish deficient performance, the movant must show that counsel's representation "fell below an objective standard of reasonableness" such that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment[.]" *Commonwealth v. Tamme*, 83 S.W.3d 465, 469 (Ky. 2002); *Commonwealth v. Elza*, 284 S.W.3d 118, 120-21 (Ky. 2009).

Second, a movant must prove counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. That requires the movant to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068.

As a general matter, we recognize "that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*, 466 U.S. at 690, 104 S. Ct. at 2066. For that reason, "[j]udicial scrutiny of counsel's performance [is] highly deferential." *Id.*, 466 U.S. at 689, 104 S. Ct. at 2065. We must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

## ANALYSIS

Not every claim of ineffective assistance merits an evidentiary hearing. Nor is an RCr 11.42 movant automatically entitled to one. *See Stanford v. Commonwealth*, 854 S.W.2d 742, 743 (Ky. 1993). The trial court need only conduct an evidentiary hearing "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted); RCr 11.42(5). An evidentiary hearing is unnecessary when the record refutes the claims of error or when the allegations, even if true, would not be sufficient to invalidate the conviction. *Harper v. Commonwealth*, 978 S.W.2d 311, 314 (Ky. 1998).

Likewise, not every movant is entitled to counsel in a post-conviction proceeding. *Fraser*, 59 S.W.3d at 451. But, if an evidentiary hearing is mandated, then the trial court shall appoint counsel to represent an indigent defendant. RCr 11.42(5).

As explained below, the claims raised by Hawkins are either refuted by the record or are insufficient, based on review of the record, to justify relief under *Strickland*. An evidentiary hearing was not warranted and, accordingly, Hawkins was not entitled to appointment of counsel.

## *Trial Counsel Ineffectiveness*

First, Hawkins contends trial counsel was ineffective for failing to object to the jury instruction on first-degree trafficking in four grams or more of cocaine by not challenging the Commonwealth's assertion that he possessed four or more grams of "pure" cocaine. The police seized multiple baggies of alleged cocaine from Hawkins. Testimony revealed that one baggie contained approximately 5.475 grams of a white solid. Testing showed the white solid consisted of cocaine as well as "cutting agents." At trial, Hawkins moved for a directed verdict, asserting the Commonwealth had not proven there were four grams of pure cocaine. The motion was denied.

The Kentucky Supreme Court addressed the purity issue on appeal. It noted that Hawkins should have objected to the jury instruction, and his failure resulted in a lack of preservation. Accordingly, it reviewed only for palpable error. *Hawkins*, 536 S.W.3d at 701. It concluded that "[KRS[2] 218A.010(7)[3]] clearly defines 'a substance *containing any quantity of cocaine*' as cocaine." *Id.* at 703. Therefore, the Commonwealth was not required to prove that pure cocaine accounted for the total weight of four or more grams.

---

[2] Kentucky Revised Statutes.

[3] Previously titled KRS 218A.010(5).

The jury was correctly instructed on this offense, and the 5.475 grams of cocaine was sufficient to convict Hawkins. Even if Hawkins' trial counsel had objected, the outcome of the case would not have changed. Therefore, any deficiency in failing to object to the jury instruction did not prejudice Hawkins' defense.

Second, Hawkins asserts trial counsel failed to properly address the inadvertent disclosure of the identity of the Commonwealth's confidential informant. Prior to Hawkins' indictment, the Commonwealth recovered drugs from his truck in accordance with a valid search warrant. The basis of the search warrant was an affidavit from a detective who relied on information provided by a confidential informant. Hawkins moved to suppress the evidence. During the suppression hearing, the detective inadvertently disclosed the name of the informant.

The circuit court found the disclosure to be accidental and admonished counsel not to discuss the informant's name outside the courtroom. The court also ruled that the defendant could not call the informant as a witness. Hawkins asserts his counsel was ineffective for failing to argue that the

Commonwealth waived its privilege to keep the informant confidential under KRE[4] 508(c)(1).[5]

KRE 508(a) grants the Commonwealth "a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of a law[.]"  But the Commonwealth may voluntarily waive this privilege "if the identity of the informer . . . has been disclosed by the holder of the privilege[.]"  KRE 508(c)(1).  This exception only applies if the disclosure is voluntary.  *Taylor v. Commonwealth*, 987 S.W.2d 302, 304 (Ky. 1998) ("[e]xceptions to the privilege occur when the disclosure is voluntary").

The circuit court found, and we agree, the disclosure of the confidential informant's name was inadvertent and not intentional.  "To be the equivalent of an express waiver, there must be a 'known right' that is 'voluntar[ily] and intentional[ly] surrender[ed].'"  *Penticuff v. Miller*, 503 S.W.3d 198, 205 (Ky. App. 2016) (citations omitted); *see also Baker v. Jones*, 199 S.W.3d 749, 753 (Ky. App. 2006) ("[i]nadvertent . . . release of [information] does not result in the

---

[4] Kentucky Rules of Evidence.

[5] We note Hawkins' counsel did move to reveal the identity of the confidential informant on the basis that it was relevant and essential to his defense.  The circuit court held a hearing and, after applying the analysis set forth in *Heard v. Commonwealth*, 172 S.W.3d 372 (Ky. 2005), determined that disclosure was not warranted.  The Kentucky Supreme Court affirmed that ruling in Hawkins' direct appeal.  *Hawkins*, 536 S.W.3d at 703-04.  However, it declined to address the waiver issue because it had not been preserved.

waiver"). Therefore, the exception for voluntary waiver does not apply. Hawkins'

counsel was not deficient for failing to raise an issue not supported by the law.

Third, Hawkins argues trial counsel was ineffective for failing to

adequately challenge the veracity of the detective's affidavit for a search warrant

during the suppression hearing. His argument centers on the unreliability of the

confidential informant. Specifically, he asserts the detective was unable to answer

many of trial counsel's questions relating to the reliability of the confidential

informant, which "only mean[s] that [the detective] had to make false statements in

his affidavit." To the extent Hawkins is challenging the trial court's denial of his

suppression motion, that issue is not properly before us. We address only whether

Hawkins' trial counsel was ineffective.

Hawkins does not further explain how his counsel was ineffective,

other than a blanket statement that he did not adequately "pursue the veracity of

the affidavit." We disagree. It is uncontested that Hawkins' counsel cross-

examined the detective on his affidavit during the suppression hearing.

Specifically, counsel questioned the detective on the reliability of the confidential

informant, asking him about the informant's criminal history, among other things,

and whether he was being compensated for working with the investigation. The

mere fact that the detective was unable to answer all of trial counsel's questions

does not render his performance ineffective.  We conclude Hawkins' counsel was not deficient.

Fourth, Hawkins argues trial counsel was ineffective for failing to object to the racial makeup of the jury pursuant to *Batson v. Kentucky*, 476 U.S. 79, 86, 106 S. Ct. 1712, 1717, 90 L. Ed. 2d 69 (1986).  Hawkins alleges the Commonwealth used peremptory challenges to strike four African-American jurors.  This is unsupported by the record.  The record reveals one African-American was excused during *voir dire* because she knew Hawkins and was familiar with his history.  But the record does not indicate how either party used their peremptory strikes.

The first element of a *Batson* claim is a *prima facie* showing that the Commonwealth exercised a peremptory challenge on the basis of race.  *Roe v. Commonwealth*, 493 S.W.3d 814, 826 (Ky. 2015).  Therefore, the first prerequisite to a successful claim of ineffective assistance of counsel for failing to assert a *Batson* claim is proof the Commonwealth excluded jurors of the defendant's same race.  Hawkins fails to cite any part of the record to establish that showing, and our review discovered none.

This also makes it impossible to show how the presence on the jury of unidentified/unidentifiable stricken jurors would have changed the outcome of his case.  We see no deficiency in legal representation here.

Fifth, Hawkins argues he was prejudiced by improper juror communications. Specifically, he asserts multiple jurors were texting during his trial. According to Hawkins, the trial judge took one of the juror's phones, reviewed the text messages without counsel present, and determined they were not related to the trial. Hawkins asserts the circuit court erred by not holding a hearing on the issue, and trial counsel was ineffective for failing to object to the trial judge's review of the text messages without counsel present. Hawkins did not raise this issue in his RCr 11.42 motion before the circuit court.

As an initial matter, Hawkins' assertion that the circuit court erred by not holding a hearing on juror misconduct should have been raised on direct appeal. Accordingly, RCr 11.42 is not the appropriate vehicle for the relief he seeks. *See Thacker v. Commonwealth*, 476 S.W.2d 838, 839 (Ky. 1972) ("It is not the purpose of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised [on direct appeal.]"). Hawkins' request for palpable error review of the issue pursuant to RCr 10.26 does not cure this deficiency. "RCr 10.26 is a *standard of review* for . . . the appellate court, when reviewing an appeal from a final judgment, because of a palpable error *during trial* that resulted in manifest injustice." *Stoker v. Commonwealth*, 289 S.W.3d 592, 598 (Ky. App. 2009).

We will not undertake a palpable error review under RCr 10.26 because the rule does not afford a separate basis for relief under RCr 11.42 or CR[6] 60.02. *Stoker v. Commonwealth*, 289 S.W.3d 592, 598 (Ky. App. 2009).

Finally, Hawkins asserts trial counsel's errors, taken cumulatively, would be sufficient to warrant a new trial. We disagree. We made no finding that counsel's performance was deficient or that it created prejudice sufficient to constitute ineffective assistance of counsel in any of Hawkins' arguments analyzed above. There can be no cumulative error when individual meritless claims of ineffective assistance of counsel are combined. *McQueen v. Commonwealth*, 721 S.W.2d 694, 701 (Ky. 1986).

Each of Hawkins' claims of ineffective assistance of counsel was resolvable on the record. There was no need for a hearing and, consequently, no requirement to appoint counsel to represent him.

### **CONCLUSION**

We affirm the Henderson Circuit Court's order denying Hawkins' RCr 11.42 motion for post-conviction relief alleging ineffective assistance of counsel.

ALL CONCUR.

---

[6] Kentucky Rules of Civil Procedure.

BRIEF FOR APPELLANT:

Jerome Hawkins, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky