RENDERED: JUNE 21, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0590-ME

AMY J. ARMSTEAD                                            APPELLANT

                          APPEAL FROM HENDERSON CIRCUIT COURT
v.                           HONORABLE DAVID CURLIN, JUDGE
                          ACTION NO. 06-D-00052-008

LEWIS E. ARMSTEAD, JR.                             APPELLEE

AND

NO. 2023-CA-0894-MR

AMY J. ARMSTEAD                                            APPELLANT

                          APPEAL FROM HENDERSON CIRCUIT COURT
v.                           HONORABLE DAVID CURLIN, JUDGE
                          ACTION NO. 09-CI-01026

LEWIS E. ARMSTEAD, JR.                             APPELLEE

<u>OPINION AND ORDER</u>
<u>AFFIRMING IN PART AND</u>
<u>VACATING IN PART</u>

** ** ** ** **

BEFORE:  CALDWELL, ECKERLE, AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  Appellant, Amy J. Armstead ("Amy"), appeals, *pro se*, from

an order of the Henderson Circuit Court which denied a petition for a Domestic

Violence Order ("DVO") she filed on behalf of the parties' minor child, E.A.,

against Appellee, Lewis E. Armstead, Jr. ("Lewis").  Amy also appeals from an

order entered in the parties' civil custody case which found her in contempt for

violating past parenting time orders and sentenced her to seven days of

incarceration, probated on the condition of her compliance with court orders.  After

reviewing the record and considering the relevant law, we affirm in part and vacate

in part.

**BACKGROUND**

The parties were married on August 13, 2005, and later divorced by

decree of dissolution on April 29, 2013.  (Civil Record ("R.") at 154.)  The parties

have two children:  E.A., and E.A.'s sibling, who is no longer a minor or part of

these proceedings.  Over the years, the parties have been before the circuit court on

several petitions concerning domestic violence; matters of dependency, neglect,

and abuse involving their children; and proceedings in the parties' civil case

-2-

concerning custody and parenting time. For most of the time since the parties' dissolution, Lewis has maintained primary custodianship and Amy has had limited parenting time, having multiple day visits every week, but no overnight visits.

On February 24, 2023, Amy filed a petition for a protective order on behalf of E.A. primarily based on an incident which occurred that night between E.A. and Lewis. The circuit court conducted a hearing on this petition; however, Amy was not present, and the circuit court dismissed the petition, noting that Amy should have received notice despite there being some problems with the circuit court's E-warrants system. (Video Record ("V.R.") – Mar. 13, 2023 Hearing, at 9:34:25.) Amy filed another petition for a protective order on behalf of E.A. on the same day the first petition was dismissed; the second petition contained the same allegations as the first. (Domestic Violence Record ("DV R.") at 6.) The circuit court issued a summons for a hearing on the second petition. That hearing was continued to April 17, 2023.

On April 14, 2023, Lewis filed a motion in the civil custody case requesting that Amy be found in contempt for violating parenting time orders; that he be awarded attorney's fees; and that the circuit court enter an order restricting Amy's parenting time further. (R. at 367.)

The parties appeared with counsel for the DVO hearing on April 17, 2023. E.A. was called as a witness, and during her direct examination began to

testify about a previous incident of domestic violence and abuse concerning Lewis which occurred on September 5, 2022. (V.R. – Apr. 17, 2023 Hearing, at 9:39:55.) Lewis' counsel objected, asserting the incident was not contained in the petition. The circuit court sustained the objection but stated that it was aware of the incident (V.R. – Apr. 17, 2023 Hearing, at 9:42:20.) At the end of the hearing, the circuit court denied the petition, holding that the matter was more appropriately addressed in the civil custody action. (DV R. at 19-21.)

On April 20, 2023, the parties appeared for a hearing on Lewis' motion for contempt in the civil custody case. Lewis appeared with counsel and Amy appeared *pro se*. Amy requested a continuance multiple times and asked for appointment of counsel considering Lewis' sanction request of incarceration. The circuit court denied Amy's requests and proceeded with the hearing, stating the proceedings were civil and Amy was not entitled to counsel. (V.R. – Apr. 24, 2023 Hearing, at 9:40:00.) Amy was called to testify. The circuit court summarily found her to be in contempt; ordered Amy to pay $250 in attorney's fees; stated Amy's parenting time shall continue as set forth in the circuit court's previous order; granted Lewis additional make-up parenting days; and sentenced Amy to seven days of imprisonment, probated on the condition that Amy abide by all of the circuit court's orders. (R. at 377-78.)

-4-

These appeals followed. On appeal, Amy raises a myriad of issues, some of which are not properly before this Court because they were not properly preserved, rely on evidence which is not a part of the record on appeal, or are issues which occurred after the filing of the notices of appeal. However, of relevance in the DVO case, Amy contends the circuit court abused its discretion when it prevented testimony or evidence being given regarding the September 5, 2022, incident during the April 17, 2023 hearing. Of relevance in the civil custody case, Amy argues her due process rights were violated when the circuit court denied her request for counsel to be appointed for the contempt proceeding.

## STANDARD OF REVIEW

When examining a circuit court's decision exercising its contempt powers, the standard we must follow is that of an abuse of discretion: "'[t]he test for abuse of discretion is whether the trial [judge's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Meyers v. Petrie*, 233 S.W.3d 212, 215 (Ky. App. 2007) (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). Similarly, we review a circuit court's ruling on the admission of evidence for an abuse of discretion. *Daniel v. Commonwealth*, 607 S.W.3d 626, 641 (Ky. 2020).

## ANALYSIS

### A. Motion to Strike in Case No. 2023-CA-0590-ME

Prior to addressing the issues raised in these appeals, we must resolve the preliminary issue of Lewis' motion to strike Amy's brief filed in Case No. 2023-CA-0590-ME. Lewis correctly asserts that, contrary to our rules, Amy's brief includes exhibits which were not part of the record on appeal, refers to otherwise inadmissible evidence, and makes arguments concerning issues that were not properly preserved or appropriate for this Court to address. *See* RAP[1] 32(E)(1)(c); *see also Baker v. Jones*, 199 S.W.3d 749, 753 (Ky. App. 2006).

When an appellate advocate has failed to abide by the Court's rules it is within the Court's discretion: "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 31(H)]; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Ford v. Commonwealth*, 628 S.W.3d 147, 154 (Ky. 2021) (citations omitted); *see also Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007).

Like attorneys, individuals proceeding *pro se* are required to follow all of the rules of this Court. *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009). However, we recognize some degree of leniency is afforded to *pro se*

---

[1] Kentucky Rules of Appellate Procedure.

litigants. *Beecham v. Commonwealth*, 657 S.W.2d 234, 236 (Ky. 1983). Despite Amy's irrelevant arguments and exhibits, her brief is substantially compliant. Additionally, some clemency should be given considering the serious nature of domestic violence actions. *See Wright v. Wright*, 181 S.W.3d 49, 52 (Ky. App. 2005). Thus, in this instance we will decline to exercise any penalties and deny the motion to strike; however, we will note that the Court has not given any credence to the improperly submitted exhibits or misplaced arguments in our review of the legitimately raised concerns. *See Baker v. Jones*, 199 S.W.3d 749, 753 (Ky. App. 2006); *see also Smith v. Smith*, 235 S.W.3d 1, 5 (Ky. App. 2006).[2] With this in mind, we now turn to the consideration of the merits.

### B. DVO Proceeding

It is imperative for the courts to give parties a meaningful opportunity to be heard and allow them to present relevant evidence in hearings. *See Lynch v. Lynch*, 737 S.W.2d 184, 186 (Ky. App. 1987). Those hearings should be conducted in a manner which leaves no question to their regularity or suggests the court made up its mind before it had all the evidence. *Id.* DVO proceedings are especially important because they have enormous significance to both parties

---

[2] Though Lewis has not filed a motion to strike or dismiss Amy's brief in Case No. 2023-CA-0894-MR, we also recognize that some of Amy's arguments in the brief filed in that case also pertain to issues which are inappropriate for the Court to address. Similarly, we shall limit ourselves only to the arguments which Amy has properly preserved and brought before this Court for appellate review.

involved, and it is a disservice to the law if the parties are not afforded a "full hearing." *Wright*, 181 S.W.3d at 52-53.

Following a full hearing conducted under KRS[3] 403.730, if a circuit court finds by "a preponderance of the evidence that domestic violence and abuse has occurred and may again occur," it may issue a DVO. KRS 403.740. The phrase "domestic violence and abuse" is defined as "physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members[.]" KRS 403.720(2). The definition of "imminent" is "impending danger, and, in the context of domestic violence and abuse as defined by KRS 403.720, belief that danger is imminent can be inferred from a past pattern of repeated serious abuse." KRS 503.010(3); *Collett v. Dailey*, 371 S.W.3d 777, 779 (Ky. App. 2011).

At the April 17, 2023 hearing, E.A. began to testify about a previous domestic violence and abuse incident between E.A. and Lewis. Testimony or evidence regarding past incidents of domestic violence and abuse is relevant in determining whether an instant act of domestic violence and abuse occurred between E.A. and Lewis on February 24, 2023, namely, whether there was an infliction of fear of imminent physical injury. *See Collett v. Dailey*, 371 S.W.3d at

---

[3] Kentucky Revised Statutes.

779. Counsel for Lewis objected, stating the incident was not contained in the petition and he did not have time to prepare to address it. The circuit court stated that it was aware of the incident.

We disagree with Amy that the circuit court abused its discretion in failing to afford a meaningful opportunity to present testimony or provide evidence about previous incidents of domestic violence and abuse between E.A. and Lewis. This case appears to have a contentious history, with which the circuit court was certainly familiar. And there were multiple matters pending before the court that became the subject of the present appeal. The court was clearly concerned with erroneously conflating a DVO matter with a pending custody case. While reasonable minds may differ on the admission of certain evidence, docket management, and the degree to which one family, one court was furthered in this instance, we cannot conclude that the court abused its discretion.

Likewise, we cannot conclude the circuit court abused its discretion in denying the DVO based on the evidence that was provided. "[I]n reviewing the decision of a trial court the test is not whether we would have decided it differently, but whether the court's findings were clearly erroneous or that it abused its discretion." *Gomez v. Gomez*, 254 S.W.3d 838, 842 (Ky. App. 2008) (citations omitted). The circuit court is in the best position to assess the credibility of witnesses and weigh the evidence presented. *See Buddenberg v. Buddenberg*,

304 S.W.3d 717, 720 (Ky. App. 2010); *see also Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (citations omitted).

In the instant case, the circuit court conducted a full evidentiary hearing, weighed the evidence presented, and assessed the credibility of E.A. and Amy in light of the numerous matters pending before it and the history of the parties. After doing so, it ultimately found an act of domestic violence and abuse did not occur, a decision which we cannot deem unreasonable, unfair, arbitrary, or capricious. *Caudill v. Caudill*, 318 S.W.3d 112, 115 (Ky. App. 2010). Additionally, the written findings denying the DVO petition were sufficient. *Cf. Hall v. Smith*, 599 S.W.3d 451, 455 (Ky. App. 2020).

Therefore, we affirm on this issue.

### C. Contempt Proceeding

We next turn to the contempt issue in the civil custody case. One general inherent power of circuit courts is the power to impose sanctions as the result of a contempt violation. Contempt can be classified as either civil or criminal, the difference being the purpose for which the sanction is prescribed. *Gordon v. Commonwealth*, 141 Ky. 461, 463, 133 S.W. 206, 208 (1911). "The purpose of civil contempt is to coerce rather than to punish – to compel obedience to and respect for an order of the court[,]" while criminal contempt "seeks to punish conduct which has already occurred rather than to compel a course of

-10-

action." *Commonwealth, ex rel. Bailey v. Bailey*, 970 S.W.2d 818, 820 (Ky. App. 1998).

The defining characteristic which distinguishes criminal contempt and civil contempt is the existence of a purge condition. "If the contemnor absolutely has no opportunity to purge himself of contempt, then such imprisonment can be deemed punitive in nature and in the nature of a proceeding for criminal contempt." *Blakeman v. Schneider*, 864 S.W.2d 903, 906 (Ky. 1993). Criminal contempt can further be deemed either direct or indirect; direct criminal contempt occurs in the presence of the circuit court and may be punished summarily by the court while indirect contempt occurs outside of the presence of the court. *See Commonwealth v. Pace*, 15 S.W.3d 393, 395 (Ky. App. 2000). A proceeding concerning indirect criminal contempt "requires a hearing and presentation of evidence, and must comport with due process, including the right to counsel and public access." *Riley v. Gibson*, 338 S.W.3d 230, 237 (Ky. 2011) (citing *Pace*, 15 S.W.3d at 395).

In this case, the circuit court denied Amy's requests for counsel to be appointed and to continue the hearing; called her to testify against herself; found Amy to be in contempt; and sentenced her to seven days of imprisonment. Though the imprisonment was conditionally probated on her compliance with all orders of the circuit court, the condition did not allow Amy to purge herself of the contempt.

-11-

Furthermore, the conditional probation exists to potentially punish Amy for future contempt violations, which is not permitted. *See Crandell v. Cabinet for Health & Fam. Servs. ex rel. Dilke*, 642 S.W.3d 686, 690 (Ky. 2022) (citations omitted).

The sanction imposed is criminal in nature, and the circuit court abused its discretion in not considering Amy's request for counsel to be appointed. Accordingly, the June 22, 2023, order is vacated in part.[4] In the event that another such issue arises in the future, Amy is entitled to counsel. Counsel shall be appointed if the indigency requirements are satisfied. *See Tinsley v. Commonwealth*, 185 S.W.3d 668, 671-72 (Ky. App. 2006) (citations omitted).

**CONCLUSION**

Accordingly, we AFFIRM April 17, 2023, order denying the petition for DVO. We VACATE only the portion of the June 22, 2023, order finding Amy in contempt in the civil custody case. The motion to strike Amy's brief is also DENIED.

ALL CONCUR.

---

[4] It appears there are other pending motions for contempt in the underlying case which the circuit court has not ruled on pending this appeal. (R. at 395, 424.) It also appears issues concerning the status of the circuit court's October 3, 2022 order, the appointment of a new guardian *ad litem* in the civil custody matter, and whether a final custody hearing is needed is still pending. (R. at 366.)

ENTERED: __06/21/2024_____

_____
JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Amy J. Armstead, *pro se*
Henderson, Kentucky

BRIEF FOR APPELLEE:

Chad E. Groves
Henderson, Kentucky