**Ronald Loren STOKER, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2008–CA–000354–MR.

Court of Appeals of Kentucky.

March 27, 2009.

Discretionary Review Denied by Supreme Court Aug. 19, 2009.

Ronald Loren Stoker, Eddyville, KY, pro se.

Jack Conway, Attorney General of Kentucky, Perry T. Ryan, Assistant Attorney General, Frankfort, KY, for Appellee.

Before CAPERTON, DIXON, and VANMETER, Judges.

## OPINION

CAPERTON, Judge.

Ronald Loren Stoker appeals the denial of his *pro se* CR 60.02 motion by the Hardin Circuit Court, which was his second post-conviction motion. Stoker argues that the trial court erred in denying his request for an evidentiary hearing and that this abuse of discretion by the trial court amounts to substantial error under RCr 10.26. Finding no error by the trial court, we affirm.

Stoker was convicted by a jury of three counts of First–Degree Rape (50 years each), three counts of First–Degree Sodomy (30 years each), three counts of First–Degree Sexual Abuse (5 years each), and eight counts of First–Degree Criminal Abuse (7 years each) in 1989 for the criminal acts he perpetrated on his live-in girlfriend's children ages 2, 6, and 7. Stoker's fourth victim was a 7 year old neighbor girl. Stoker's original sentence was for 311 years, as all the charges were to run consecutively. On direct appeal, the Kentucky Supreme Court in *Stoker v. Commonwealth*, 828 S.W.2d 619 (Ky.1992), affirmed Stoker's convictions but ordered the sentences to run concurrently.

Stoker's first post-conviction motion was filed in 1997. In this RCr 11.42, Stoker alleged ineffective assistance of counsel claims. The trial court denied the motion; this Court affirmed the trial court's denial; and the Kentucky Supreme Court denied discretionary review. Stoker next filed a federal *habeas corpus* claim in 2002 which was denied as untimely. Then on November 5, 2007, Stoker filed this action, his second post-conviction relief motion, titled as a CR 60.02(f)/Coram Nobis motion.

In Stoker's CR 60.02(f)/Coram Nobis motion, he alleged that a wave of hysteria and a prosecutorial sham known as the satanic ritual abuse sham swept the nation from 1983–1997. In the CR 60.02 motion presented to the trial court, Stoker argued four issues which, according to him, required extraordinary relief. First, that the government's "witch-hunt" involving satanic ritual abuse was an arbitrary abuse of power and violated his due process rights. Second, that the United States Constitution and the Kentucky Constitution prohibit the use of the satanic ritual abuse sham, which violated the compulsory process clauses, and that he was denied a

viable defense against accusations of satanic ritual abuse. Third, by using the satanic ritual abuse sham, the Commonwealth was involved in state sponsored religious persecution and discrimination. Last, because of the actions of the Commonwealth, Stoker is suffering cruel and unusual punishment and was denied his right to a fair and rational and reliable sentencing when he was sentenced to 311 years.

To support his motion, Stoker referenced several articles dating back to 2001. According to Stoker, the articles demonstrate that a satanic ritual abuse sham was used by prosecutors across the country to get convictions through false testimony. He alleges the Commonwealth used the same tactics, i.e., false testimony by children against him by having the children testify falsely in obtaining his conviction. Thus, Stoker asserts there is reasonable doubt as to his guilt and he must be a victim of the satanic ritual abuse sham.

The trial court, in denying Stoker relief pursuant to CR 60.02, properly noted that Stoker characterized his motion under CR 60.02(f), but then noted that "Defendant goes into a great deal of detail discussing newly found evidence which he could not have discovered with due diligence at the time of trial." Stoker's argument for new found evidence was properly characterized by the trial court as one under CR 60.02(b), which the trial court denied as untimely. As additional grounds for denial, the trial court found that (1) the motion to be successive to the post-trial relief motion filed in 1997 and that (2) as a

motion under CR 60.02(f) it, was not filed within a reasonable time.[1]

On appeal, Stoker argues six errors by the trial court. First, the court wrongfully ruled that the motion was a CR 60.02(b) and not a CR 60.02(f) motion.[2] Second, the court misapplied the facts when it "fancifully" ruled that Stoker had access to the new evidence for 3 years prior to his filing of the RCr 11.42 motion, when this is contrary to his motion and exhibits. Third, the court misapplied the facts when it ruled that it had evaluated Stoker's motion under CR 60.02(f) that he had the evidence in his possession for 10 years. Fourth, the court engaged in censorship by failing to use the term "satanic ritual abuse" within the order and that the court did not use the correct titles of the evidence and then used the evidence to time bar Stoker's claim.[3] Fifth, the court erred by calling Stoker the plaintiff rather than the defendant. Sixth, the court violated Stoker's due process rights by failing to grant him an evidentiary hearing and that the errors are palpable and amount to manifest injustice.

The first, second, and third claimed errors are more properly characterized into two arguments. One, the trial court wrongfully determined that Stoker had the newly discovered evidence in his possession for 10 years; and two, the trial court wrongfully characterized Stoker's motion as one under CR 60.02(b) and not 60.02(f).

Stoker's sixth argument, that the court violated his due process rights by failing to

---

1. The trial court found that Stoker had been in possession of the evidence for 10 years and thus this motion was not brought within a reasonable time. Stoker claims that he first became aware of the issue in 2001 and then took years to get his case together based on the necessary research.

2. Stoker maintains his original argument that the satanic ritual abuse sham constitutes reasons justifying extraordinary relief.

3. Stoker claims that the trial court refused to acknowledge his evidence as legitimate and then used the publication dates to deny his motion.

grant an evidentiary hearing and that the trial court's palpable errors amount to manifest injustice, is more properly characterized as two arguments. First, that Stoker is entitled to relief pursuant to RCr 10.26 as the court's palpable errors amount to manifest injustice. Second, that the trial court erred by denying Stoker an evidentiary hearing. With the proper characterization of Stoker's arguments in mind, we turn to the Commonwealth's arguments.

The Commonwealth argues in response that the claims made by Stoker are improper as they should have been brought in either direct appeal or his prior RCr 11.42. Further, the law of the case doctrine bars Stoker's claims. We do not address the latter argument because it is not necessary in resolving this appeal.

We review the denial of a CR 60.02 motion under an abuse of discretion standard. *White v. Commonwealth,* 32 S.W.3d 83, 86 (Ky.App.2000); *Brown v. Commonwealth,* 932 S.W.2d 359, 361 (Ky. 1996). The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999) (citing 5 Am.Jur.2d Appellate Review § 695 (1995)). Therefore, we will affirm the lower court's decision unless there is a showing of some "flagrant miscarriage of justice." *Gross v. Commonwealth,* 648 S.W.2d 853, 858 (Ky.1983).

Relief may be granted under CR 60.02(f) for any reason of an extraordinary nature justifying relief. A CR 60.02(f) motion must be made within a reasonable time. *See* CR 60.02 and *Gross v. Commonwealth,* 648 S.W.2d 853, 858 (Ky.1983). Further, the trial judge may properly consider, in granting or denying a CR 60.02 motion, whether the passage of time between judgment and motion was reasonable in light of the fading memories of witnesses. *Harris v. Commonwealth,* 296 S.W.2d 700 (Ky.1956) and *Gross* at 858. An evidentiary hearing is not required to assess the reasonable time restriction inherent in CR 60.02 motions as such is left to the discretion of the Court. *Gross* at 858. Relief may be granted under CR 60.02(b) for any newly discovered evidence by which due diligence could not have discovered in time to move for a new trial *and* within one year after judgment. *See* CR 60.02 and *McQueen v. Commonwealth,* 948 S.W.2d 415, 417 (Ky.1997).

The burden of proof falls squarely on the movant to "affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *McQueen* at 416, citing *Gross* at 856. To justify relief, the movant must specifically present facts which render the "original trial tantamount to none at all." *Brown v. Commonwealth,* 932 S.W.2d 359, 361 (Ky. 1996).[4]

---

4. As stated in *Brown* at 361–362,
Generally, CR 60.02(f) stands in the place of the ancient writ of coram nobis. To have a judgment set aside in a coram nobis proceeding, a petitioner had to convince the court that "the real facts as later presented on application for the writ, rendered the original trial tantamount to none at all, and [enforcement of] the judgment as rendered would be an absolute denial of justice and analogous to the taking of life or property without due process of law." *Jones v. Commonwealth,* 269 Ky. 779, 108 S.W.2d 816, 817 (1937), cited in *Gross v. Commonwealth,* Ky., 648 S.W.2d 853, 855 (1983). In *Gross,* this Court made it clear that Rule 60.02 did not extend the scope of remedies available under coram nobis or add new grounds of relief. *Gross* at 856.
Therefore, we shall not separately address Stoker's motion under a coram nobis analysis.

Our rules of civil procedure do not permit successive motions or the relitigation of issues which could have been raised in prior proceedings. *See Gross* at 856–857. Our courts do not favor successive collateral challenges to a final judgment of conviction which attempt to relitigate issues properly presented in a prior proceeding.

 As stated in *Gross*, "the structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and thereafter in CR 60.02." *Id.* at 856. CR 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could "reasonably have been presented" by direct appeal or by RCr 11.42 [5] proceedings. *McQueen* at 416. The obvious purpose of this principle is to prevent the relitigation of issues which either were, should or could have been litigated in a similar proceeding. *Id.* citing *Gross* at 855–856 and RCr 11.42(3).

In light of the foregoing jurisprudence of post-conviction relief, we shall now address Stoker's claimed errors. We do not agree with Stoker's first, second and third arguments that the trial court wrongfully determined that Stoker had the newly discovered evidence in his possession for 10 years and wrongfully characterized Stoker's motion as one under CR 60.02(b) and not 60.02(f).

 The motion presented to the trial court was titled by Stoker as a CR 60.02(f) motion. The trial court undertook an analysis under CR 60.02(f) and found the motion to not have been raised in a

reasonable time. We agree with the trial court. However, the crux of Stoker's motion was Stoker's "newly discovered" evidence. Thus, the trial court properly undertook a second analysis under CR 60.02(b) and properly concluded that Stoker was well outside the one-year time limit. As such, there was no abuse of discretion by the trial court.

 Even if the court were incorrect as to how long Stoker had the evidence in his possession, we may affirm a trial court's ruling despite the fact that it reached the correct result for the wrong reason. *See Hodge v. Commonwealth,* 116 S.W.3d 463, 470 (Ky.2003). Therefore, in the case *sub judice,* Stoker has failed to allege with specificity how the Commonwealth wrongfully obtained his conviction through use of a satanic ritual abuse sham. Absent specific allegations, Stoker cannot set forth a claim for relief under CR 60.02.

Stoker's conviction was based on the horrific treatment of his victims. We are unaware of any reference to any ritual activity, satanic or not, in his case, nor has he alleged with specificity any "false memories" of witnesses. The allegation that the Commonwealth's expert was trained by the expert involved in the satanic ritual abuse sham is a tenuous argument more akin to a conspiracy theory and is not sufficient to justify relief.

We find Stoker's fourth argument, that the court engaged in censorship by failing to use the term "satanic ritual abuse" within the order and that the court did not use the titles Stoker assigned to the evidence, to be without merit. We further find the argument that the trial court used Stoker's evidence to time bar Stoker's claim to be without merit. Stoker has not established

---

**5.** "The purpose of an RCr 11.42 proceeding is to review a judgment and sentence for constitutional validity of the proceedings prior to judgment or in the sentence and judgment itself. The rule simply provides for a collateral attack on the sentence. RCr 11.42(1)." *Bowling v. Commonwealth,* 981 S.W.2d 545, 552 (Ky.1998).

how the trial court's reasoned opinion, which referenced Stoker's purported evidence was an abuse of discretion. Likewise, Stoker's fifth argument that the court erred by calling Stoker the plaintiff and not the defendant is a baseless allegation clearly refuted by the court's judgment itself.

We will address Stoker's sixth argument in two parts-first, we will address the palpable error/manifest injustice aspect, and second, Stoker's allegations as to the trial court's failure to grant an evidentiary hearing.

First, Stoker's argument that the decision not to grant a hearing on his CR 60.02 motion is a palpable error that amounts to a manifest injustice, i.e. RCr 10.26, is without merit. RCr 10.26 states:

> A palpable error which affects the substantial rights of a party may be considered by the court *on motion for a new trial or by an appellate court on appeal,* even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error. (Emphasis supplied).

While we appreciate the efforts of Stoker to present our Court with potential errors, his attempt to use the language of RCr 10.26 to gain relief during a CR 60.02 motion is improper. RCr 10.26 addresses the failure to preserve a *trial error* that affects the substantial rights of a party and permits review of an unpreserved trial error on appeal.

In contrast, CR 60.02 enumerates specific grounds for relief from a final judgment. RCr 10.26 is a *standard of review* for either the trial court, on a motion for new trial, or the appellate court, when reviewing an appeal from a final judgment, because of a palpable error *during trial* that resulted in manifest injustice. CR 60.02 allows a motion to be filed on specific grounds for *relief* from a final judgment; *i.e.* a collateral attack. *Faris v. Stone,* 103 S.W.3d 1 (Ky.2003). Whether Stoker cites to RCr 10.26 or parrots its language, the result is the same. Neither RCr 10.26 nor its language has application when reviewing a decision under CR 60.02, and we so hold.

Second, Stoker's claim that he was improperly denied an evidentiary hearing is refuted by the very allegations upon which Stoker based his motion. "Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Gross* at 856. Stoker has failed to affirmatively allege facts which if true would justify relief under CR 60.02. As such, the trial court did not abuse its discretion by denying an evidentiary hearing. *See Land v. Commonwealth,* 986 S.W.2d 440, 442 (Ky.1999).

For the foregoing reasons, and after a through review of the record and the accompanying law, we find no abuse of discretion committed by the trial court and accordingly affirm the Hardin Circuit Court.

ALL CONCUR.