RENDERED: OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1082-MR

CECIL SALYERS                                                  APPELLANT

v.

APPEAL FROM HOPKINS CIRCUIT COURT
HONORABLE CHRISTOPHER B. OGLESBY, JUDGE
ACTION NOS. 11-CR-00249 AND 12-CR-00111

COMMONWEALTH OF KENTUCKY                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Cecil Salyers ("Salyers"), proceeding *pro se*, appeals an order of the Hopkins Circuit Court denying his request for post-conviction relief under CR[1] 60.02. After careful review, finding no error, we affirm.

        Salyers was convicted of four counts of first-degree sexual abuse; two counts of using a minor in a sexual performance; and third-degree unlawful

---

[1] Kentucky Rules of Civil Procedure.

transaction with a minor. He was sentenced to forty years' imprisonment. On direct appeal, the Supreme Court of Kentucky affirmed his conviction. *Salyers v. Commonwealth*, No. 2014-SC-000186-MR, 2015 WL 2340368 (Ky. May 14, 2015).

Salyers has challenged his conviction in four separate post-conviction motions. First, on November 12, 2015, Salyers filed a *pro se* RCr[2] 11.42, which the trial court denied on February 1, 2017. On January 10, 2020, this Court affirmed the trial court's denial of the motion.

Second, on April 26, 2018, Salyers filed a motion to vacate his judgment under CR 60.02. The Commonwealth responded, and the trial court denied the motion. Salyers did not appeal the trial court's order.

Third, on May 8, 2020, Salyers filed a second CR 60.02 motion raising thirteen issues. The Commonwealth responded. The trial court denied the motion, finding, among other things, it was barred as a second CR 60.02 motion. Although Salyers attempted a belated appeal, this Court dismissed it.

Finally, on July 2, 2021, Salyers filed his third CR 60.02 motion, raising the same thirteen issues in his second CR 60.02 motion. The Commonwealth responded. The trial court denied Salyers' motion finding it was

---

[2] Kentucky Rules of Criminal Procedure.

-2-

procedurally barred for several reasons, including that it was successive and time barred. This appeal followed.

"We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 361 (Ky. 1996)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Kentucky law prohibits "successive [CR 60.02] motions or the relitigation of issues which could have been raised in prior proceedings." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009) (citing *Gross v. Commonwealth*, 648 S.W.2d 853, 856-57 (Ky. 1983)). Here, Salyers filed three motions under CR 60.02. Salyers' third motion essentially repeats the same thirteen arguments as his second motion, which was also a successive CR 60.02 motion. His third motion was nothing more than an attempt to relitigate the same issues argued in his second CR. 60.02 motion, which could have been raised in his first motion. "CR 60.02 does not permit successive post-judgment motions[.]" *Foley*, 425 S.W.3d at 884. Thus, we conclude that Salyers' motion was improper because it was successive.

Although the trial court discussed several other reasons for denying the motion, we need not address each of them because successiveness alone is a sufficient reason for denying the motion.

For the foregoing reasons, we affirm the order of the Hopkins Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Cecil Salyers, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky