RENDERED:  OCTOBER 28, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1084-MR

ANDREIUS WIMZIE        APPELLANT

v.     APPEAL FROM KENTON CIRCUIT COURT
HONORABLE GREGORY M. BARTLETT, JUDGE
ACTION NO. 15-CR-00943

COMMONWEALTH OF KENTUCKY        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; JONES AND L. THOMPSON, JUDGES.

CLAYTON, CHIEF JUDGE:  Andreius Wimzie ("Wimzie") appeals from the Kenton Circuit Court's order denying his motion to vacate judgment filed pursuant to Kentucky Rule of Civil Procedure ("CR") 60.02.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Wimzie entered a guilty plea to two counts of trafficking in a controlled substance and being a persistent felony offender ("PFO") in the second degree. The facts concerning Wimzie's arrest are outlined in the Covington Police Department's criminal complaint:

> [O]n multiple occasions from . . . 7-23-15 to 8-23-15 the Affiant utilized a Confidential Informant (CI) to purchase heroin from a suspect known as "Dred," later identified as [Wimzie]. . . . The substances purchased in all instances tested positive for heroin through field tests conducted by the Affiant. The substances were sent to the Kentucky State Laboratory for further testing and also indicated positive for heroin. The cumulative weight of all of the controlled buys of heroin purchased from Wimzie was in excess of two grams.
>
> [O]n multiple occasions from . . . 7-7-15 to 8-23-15, the Affiant utilized a [CI] to purchase crack cocaine from . . . [Wimzie]. . . . The substances were sent to the Kentucky State Laboratory for further testing and also indicated positive for cocaine. The cumulative weight of all of the controlled buys of cocaine from Wimzie was in excess of four grams.

On December 3, 2015, the Kenton Circuit Court grand jury indicted Wimzie, charging him with two counts of first-degree trafficking in a controlled substance and one count of being a PFO in the first degree.

On March 23, 2016, Wimzie entered a guilty plea for the two first-degree trafficking charges and an amended charge of being a PFO in the second degree. Wimzie executed a motion to enter a guilty plea which recited that he

understood the charges and any possible defenses; the rights he was waiving by his guilty plea; that his attorney had fully informed him about his case; and that there was nothing about the process he did not understand.

The prosecutor recommended concurrent ten-year sentences for each trafficking count and a consecutive five-year sentence for the PFO count, for a total fifteen-year sentence. On August 15, 2016, the circuit court sentenced Wimzie in accordance with the plea agreement.

On May 6, 2019, Wimzie filed a motion to vacate, set aside, or correct sentence under Rule of Criminal Procedure ("RCr") 11.42, or in the alternative, to hold an evidentiary hearing. In his motion, Wimzie alleged that his trial counsel had been ineffective during the guilty plea proceedings for: (1) failing to object regarding the weight of the controlled substances charged in each trafficking count; (2) inducing Wimzie to plead guilty and advising him to accept the fifteen-year plea offer; and (3) claiming that trial counsel improperly advised him as to the potential maximum sentence he could receive on the original three charges. The circuit court denied Wimzie's motion, and Wimzie did not appeal.

In June 2021, Wimzie filed the present motion to vacate judgment under CR 60.02(e) and (f), alleging that an error existed within the portion of his PFO sentence. The circuit court denied that motion, and this appeal followed.

We will discuss further facts as they become relevant to the Opinion.

## ANALYSIS

This Court reviews orders on CR 60.02 motions for abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted).

On appeal, Wimzie argues that his sentence was erroneous because it did not specify a sentence for the underlying trafficking charges. Wimzie was sentenced to 10 years on two counts of trafficking to serve concurrently which was enhanced to 15 years pursuant to being a persistent felony offender in the second degree. The sentence was legally imposed. Furthermore, under Kentucky law, RCr 11.42 forecloses Wimzie from raising any questions under CR 60.02 that are "issues that could reasonably have been presented" by RCr 11.42 proceedings. *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983)). As further stated in *Gross*, "[t]he structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to . . . RCr 11.42, and thereafter in CR 60.02." *Id.* at 856.

Thus, "[o]ur courts do not favor successive collateral challenges to a final judgment of conviction which attempt to relitigate issues properly presented

in a prior proceeding." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009).

In this case, Wimzie had an opportunity to attack the judgment under RCr 11.42 if he thought the circuit court entered it improperly. RCr 11.42 provides a procedure for a motion to vacate, set aside, or correct sentence for "a prisoner in custody under sentence or a defendant on probation, parole or conditional discharge." Moreover, RCr 11.42 provides that "the motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could *reasonably have been presented in the same proceeding*." (Emphasis added.)

Additionally, Wimzie's appellate brief raises three additional arguments that he did not raise in his CR 60.02 motion. However, we may not review those arguments because, in the absence of a ruling by the trial court, an appellate court cannot review the alleged error. RCr 9.22; *Todd v. Commonwealth*, 716 S.W.2d 242, 248 (Ky. 1986).

## CONCLUSION

For the foregoing reasons, we affirm the Kenton Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Andreius Rufus Wimzie, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky