RENDERED:  DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0592-MR

WILLIAM RUFUS WHITEHOUSE, III　　　　　　　　　　APPELLANT

v.
APPEAL FROM OLDHAM CIRCUIT COURT
HONORABLE JERRY D. CROSBY, II, JUDGE
ACTION NO. 06-CR-00033

COMMONWEALTH OF KENTUCKY　　　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  William Rufus Whitehouse, III, *pro se*, brings this appeal

from a March 9, 2021, Order of the Oldham Circuit Court denying a Kentucky

Rules of Civil Procedure (CR) 60.02 motion to vacate Whitehouse's sentence of

imprisonment.  We affirm.

In May 2006, Whitehouse was indicted by an Oldham County Grand

Jury upon the offenses of murder and wanton endangerment for causing the death

of his four-month-old daughter by breaking her clavicle and rib. Whitehouse reached a plea agreement with the Commonwealth. Whitehouse agreed to plead guilty to the lesser charge of first-degree manslaughter and to first-degree wanton endangerment, with a total sentence of 25-years' imprisonment. The circuit court accepted Whitehouse's plea of guilty and sentenced him to a total of 25-years' imprisonment.

In 2012, Whitehouse filed a CR 60.02 motion to vacate the sentence of imprisonment based upon the involuntariness of his guilty plea. The circuit court denied the motion, and Whitehouse pursued a direct appeal to the Court of Appeals (*Whitehouse v. Commonwealth*, No. 2013-CA-0981-MR, 2015 WL 1304151 (Ky. App. Mar. 20, 2015)). The Court of Appeals affirmed the denial of Whitehouse's CR 60.02 motion. The Court concluded that Whitehouse's guilty plea was knowingly and voluntarily entered.

On March 5, 2021, Whitehouse filed another CR 60.02 motion to vacate his sentence of imprisonment based upon prosecutorial misconduct. According to Whitehouse, the Commonwealth committed prosecutorial misconduct by indicting Whitehouse for murder when the evidence was insufficient to support same and by ignoring his mental-health issues. He specifically sought relief under CR 60.02(e) and (f).

By order entered March 9, 2021, the circuit court denied Whitehouse's CR 60.02 motion to vacate his sentence of imprisonment. The court noted that Whitehouse had filed a previous CR 60.02 motion. The court ultimately concluded that Whitehouse failed to show entitlement to the extraordinary remedy under CR 60.02(e) and (f). This appeal follows.

Whitehouse contends that the circuit court erroneously denied his CR 60.02 motion to vacate his sentence of imprisonment. We disagree.

In Kentucky, the law is clear that a successive CR 60.02 motion is impermissible upon any ground that could have been raised in the prior CR 60.02 proceeding. *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009). Simply stated, "CR 60.02 does not permit successive post-judgment motions[.]" *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014).

In this case, Whitehouse filed a CR 60.02 motion in 2012 and then filed the present CR 60.02 motion in 2021. Thus, the present CR 60.02 motion is a successive motion, and the grounds alleged therein could have been raised in Whitehouse's prior CR 60.02 motion. As an impermissible successive CR 60.02 motion, we conclude that the circuit court did not abuse its discretion by denying same. *See Foley*, 425 S.W.3d at 884.

For the foregoing reasons, the Order of the Oldham Circuit Court is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

William Rufus Whitehouse, III
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Jeffrey A. Cross
Assistant Attorney General
Frankfort, Kentucky