RENDERED: FEBRUARY 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1337-MR

REGO THOMAS CRUSE          APPELLANT

APPEAL FROM HENDERSON CIRCUIT COURT
v.        HONORABLE KAREN L. WILSON, JUDGE
ACTION NO. 16-CR-00256

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; DIXON AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Rego Cruse appeals an order of the Henderson Circuit

Court denying relief pursuant to CR[1] 60.02. We affirm.

In June 2016, Cruse was indicted on multiple felony and misdemeanor

charges related to an incident involving his wife. On January 23, 2017, Cruse

entered a plea of guilty to the following charges: (1) first-degree unlawful

---

[1] Kentucky Rule of Civil Procedure.

imprisonment; (2) carrying a concealed weapon by a prior deadly weapon offender; (3) tampering with physical evidence; (4) driving on a DUI suspended license (3rd offense, aggravator); (5) first degree possession of a controlled substance; (6) fourth degree assault (domestic violence); (7) possession of drug paraphernalia; (8) DUI, third offense (aggravator); and (9) possession of marijuana. Cruse also entered a plea to being a persistent felony offender ("PFO"), second degree. The PFO status enhanced the sentences for counts 1-4, and Cruse ultimately agreed to a sentence of ten years on each count, to be served concurrently for a total of ten years' incarceration.[2] Cruse was sentenced and final judgment entered on April 25, 2017.

On January 7, 2019, Cruse filed a motion to set aside his conviction pursuant to CR 60.02. The trial court denied the motion and Cruse did not appeal. On September 24, 2021, Cruse filed a second motion to set aside his conviction pursuant to CR 60.02 and RCr[3] 10.02, 10.06, and 10.26.[4] The trial court denied the

---

[2] Cruse also received three years' incarceration on count 5; 12 months' incarceration on each of counts 6 and 7; and 45 days' incarceration on count 9, all to be served concurrently with counts 1-4.

[3] Kentucky Rule of Criminal Procedure.

[4] The trial court did not address issues related to RCr 10.02, 10.06, and 10.26. "An appellate court is without authority to review issues not raised in or decided by the trial court." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009) (internal quotation marks and citations omitted).

motion, primarily reasoning that all of Cruse's arguments should have been brought up on direct appeal or in an RCr 11.42 motion. This appeal followed.

We review the denial of a CR 60.02 motion under an abuse of discretion standard. *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009) (citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Cruse makes six arguments on appeal. He asserts that (1) he was entitled to a separate hearing to determine his status as a PFO; (2) he incorrectly received a "double enhancement" on the conviction of carrying a concealed deadly weapon;[5] (3) he incorrectly received a "double enhancement" on the conviction of driving on a DUI suspended license, third offense; (4) his refusal to submit to a blood test was used as aggravating circumstances against him, in contravention of *Commonwealth v. McCarthy*, 628 S.W.3d 18 (Ky. 2021);[6] (5) he was ineligible to

---

[5] Kentucky Revised Statute ("KRS") 527.020(10) provides that carrying a concealed deadly weapon is a Class A misdemeanor "unless the defendant has been previously convicted of a felony in which a deadly weapon was possessed, used, or displayed, in which case it is a Class D felony." Cruse faced a Class D felony for this charge which was then enhanced by the PFO as agreed to in his plea.

[6] Because he entered a guilty plea, Cruse's refusal to submit to a blood test was never admitted into evidence, nor was a motion to suppress filed. *See McCarthy*, 628 S.W.3d at 26. Moreover, as the trial court pointed out, Cruse's conviction was final in 2017 and *McCarthy* was rendered in 2021.

be charged and convicted of first-degree unlawful imprisonment; and (6) the trial court abused its discretion because he was "overcharged."

The Commonwealth urges this Court to affirm the trial court, in part, because Cruse's current CR 60.02 motion is successive. The Commonwealth's argument is well-taken. The trial court addressed the merits of each of Cruse's arguments and only briefly mentioned that this was his second CR 60.02 motion. We do not disagree with the trial court's general reasoning that each issue raised by Cruse could have been resolved by direct appeal or under a motion pursuant to RCr 11.42. The Kentucky Supreme Court has clarified the use and timing of the various procedural remedies available to a defendant post-conviction. To wit,

> [t]he structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02. CR 60.02 is not intended merely as an additional opportunity to raise *Boykin*[7] defenses. It is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.

*Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

---

[7] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

Additionally, Kentucky law is clear that a successive CR 60.02 motion is impermissible upon any ground that could have been raised in a prior CR 60.02 proceeding. *Stoker*, 289 S.W.3d at 597. Stated differently, "CR 60.02 does not permit successive post-judgment motions[.]" *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014). Accordingly, Cruse's successive CR 60.02 motion is procedurally barred and we do not reach its merits.[8] The order of the Henderson Circuit Court is therefore affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Rego Thomas Cruse, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky

---

[8] We also note that, in contravention of Kentucky Rule of Appellate Procedure ("RAP") 32(A)(4) (formerly CR 76.12(4)(c)(v)), Cruse does not have a statement of preservation at the beginning of his arguments. Nor does he cite to the record. Our options when an appellant fails to abide by the RAP are: "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a) [now RAP 31(H)]; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). *See also Ford v. Commonwealth*, 628 S.W.3d 147 (Ky. 2021). However, because we affirm on other grounds, we decline to further address violations of RAP.