RENDERED: FEBRUARY 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0979-MR

LEONEL MIRANDA MARTINEZ                                   APPELLANT

v.               APPEAL FROM DAVIESS CIRCUIT COURT
                 HONORABLE LISA P. JONES, JUDGE
                 ACTION NO. 06-CR-00601

COMMONWEALTH OF KENTUCKY                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Leonel Miranda Martinez, *pro se*, brings this appeal from an

August 2, 2021, order of the Daviess Circuit Court denying a successive Kentucky

Rules of Civil Procedure (CR) 60.02 motion to vacate his sentence of

imprisonment.  We affirm.

## Background

In 2008, appellant was convicted of one count of murder and two counts of robbery in the first degree; he was sentenced to twenty-four years' imprisonment. Appellant pursued a direct appeal to the Kentucky Supreme Court; his conviction was affirmed in an Opinion rendered August 27, 2009 (*Martinez v. Commonwealth*, No. 2008-SC-0082-MR, 2009 WL 2706958 (August 27, 2009)).

Appellant subsequently filed a motion pursuant to CR 60.02 to vacate his sentence of imprisonment. By order entered August 16, 2010, the trial court denied the motion, and an appeal was not pursued. Appellant then filed a motion pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 to vacate his sentence of imprisonment. The trial court denied the RCr 11.42 motion, and appellant pursued an appeal to this Court (Appeal No. 2011-CA-0505-MR). By Opinion rendered February 10, 2012, this Court affirmed the denial of appellant's RCr 11.42 motion.

Appellant, thereafter, filed a second CR 60.02 motion, which the trial court denied by order entered May 24, 2017. Appellant pursued an appeal to this Court (Appeal No. 2017-CA-1510-MR), and this Court affirmed the ruling. During the pendency of Appeal No. 2017-CA-1510-MR, appellant filed a third CR 60.02 motion. By order entered February 6, 2018, the trial court denied the CR 60.02 motion. Appellant filed an appeal (Appeal No. 2018-CA-0366-MR) to this

Court from the February 6, 2018, order; however, the appeal was dismissed on the Court's own motion by order entered August 22, 2018.

Finally, appellant, *pro se*, filed a fourth CR 60.02 motion. Therein, Martinez alleged his conviction should be vacated for the following reasons:

> (1) Recent Federal authority in the Fourth and Fifth Circuits as well as in Indiana demonstrates there was a Brady violation and that [appellant] should be able to attack his conviction despite procedural barriers; (2) Recent authority from Mississippi shows the jury instructions in this case were defective; (3) the Hon. Bruce Kuegal, who was a witness in this case was allowed to act an "an undercover prosecutor" during the trial; (4) [appellant]'s trial attorney, the Hon. George Triplett, improperly advised [appellant] to reject a plea deal where [appellant] would serve a one-year sentence and instead [appellant] was convicted and sentenced to twenty-four years; (5) Authority from Nebraska shows [appellant]'s two counts of complicity to commit first[-]degree robbery violate the double jeopardy clause and that the evidence in this case was insufficient to sustain convictions on any of the charges; and (6) a particular video (which [appellant] has previously claimed will demonstrate a detective lied in an arrest warrant) is currently in the possession of his trial counsel.

August 2, 2021, Order Denying [CR] 60.02 Motion at 2-3 (footnoted omitted). This appeal follows.

## Standard of Review

As a general rule, this Court customarily reviews the denial of a CR 60.02 motion for an abuse of discretion. *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014). And, it is well-established that our courts will not consider

successive post-conviction motions upon the same grounds of relief or upon grounds that could have been asserted in previous motions.  *Id.* at 884.

Analysis

Appellant argues on appeal that the trial court erred by denying his CR 60.02 motion to vacate his sentence of imprisonment.  For the reasons that follow, we disagree.  In Kentucky, the law is clear that a successive CR 60.02 motion is impermissible upon any ground that could have been raised in a prior CR 60.02 proceeding.  *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009).  Simply stated, "CR 60.02 does not permit successive post-judgment motions[.]"  *Foley*, 425 S.W.3d at 884.

In this case, appellant has now filed five post-conviction motions – four motions pursuant to CR 60.02 and one pursuant to RCr 11.42.  The circuit court thoroughly reviewed all of Martinez's claims and denied the same.  However, for purposes of this appeal, the present CR 60.02 motion is a successive motion; and based on our review of the record, the grounds alleged therein could have been raised in appellant's prior CR 60.02 motions or his prior RCr 11.42 motion.  Being an impermissible successive CR 60.02 motion, we conclude that the trial court did not abuse its discretion by denying same.  *See Foley*, 425 S.W.3d at 884.

For the foregoing reasons, the August 2, 2021, Order Denying [CR] 60.02 Motion entered by the Daviess Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Leonel Miranda Martinez, *Pro Se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky