RENDERED: OCTOBER 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1119-MR

TERRY W. TYLER											APPELLANT

v.				APPEAL FROM HENDERSON CIRCUIT COURT
					HONORABLE KAREN LYNN WILSON, JUDGE
					ACTION NO. 87-CR-00021

COMMONWEALTH OF KENTUCKY									APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, ECKERLE, AND JONES, JUDGES.

JONES, JUDGE: Acting without the assistance of counsel, the Appellant, Terry

Tyler ("Tyler"), appeals from the Henderson Circuit Court's order denying Tyler's

petition for relief pursuant to CR[1] 60.02(e) and (f) and CR 60.03. We affirm.

---

[1] Kentucky Rules of Civil Procedure.

# I.   BACKGROUND

In 1987, Tyler was convicted of first-degree robbery and third-degree burglary. Record ("R.") at 66-67. The jury also found Tyler to be a second-degree persistent felony offender. Tyler was sentenced to life imprisonment. *Id.* On March 3, 1988, the Kentucky Supreme Court affirmed Tyler's conviction and sentence. Subsequently, Tyler filed a total of eleven post-conviction motions, excluding the present motion. A detailed summary of Tyler's previous motions was outlined by this Court in *Tyler v. Commonwealth*, No. 2009-CA-002355-MR, 2010 WL 5346166, at *1-3 (Ky. App. Dec. 29, 2010) and *Tyler v. Commonwealth*, No. 2012-CA-000390-MR, 2013 WL 489815, at *1 (Ky. App. Feb. 08, 2013).

Relevant to the present appeal, on August 17, 2022, Tyler filed a motion pursuant to CR 60.02 and 60.03,[2] alleging he was sentenced under an erroneous jury instruction and that his trial and appellate counsel were ineffective for failing to object to the instruction and preserve it for review on direct appeal. The trial court denied the motion as untimely and successive, noting that Tyler had made the same argument in previous post-conviction motions. This appeal followed.

---

[2] CR 60.03 provides the court with an avenue, other than CR 60.02, to consider an independent action to relieve a person from a judgment on appropriate equitable grounds. However, any relief being sought under CR 60.03 shall not be granted if that relief has been denied in a proceeding or motion under CR 60.02.

## II.    STANDARD OF REVIEW

We review a trial court's decision on a CR 60.02 motion under an abuse of discretion standard. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "The burden of proof in a CR 60.02 proceeding falls squarely on the movant to affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (internal quotation marks and citations omitted). We will affirm the trial court's decision unless there is some "flagrant miscarriage of justice." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). A trial court's denial of a CR 60.03 motion is also reviewed for abuse of discretion. *Jackson v. Commonwealth*, 640 S.W.3d 99, 101 (Ky. App. 2022).

## III.    ANALYSIS

On appeal, Tyler argues that the trial court erred when it gave an erroneous jury instruction during his trial in 1987, and that his trial and appellate counsel were ineffective when they did not pursue the alleged error. Specifically, Tyler argues that the penalty phase jury instruction was erroneous because it

omitted the statutory language "nor more than," thereby only giving the jury the choice to sentence him to either twenty years or life imprisonment as opposed to providing a range of punishment.

Pursuant to CR 60.02, a movant must bring his motion within a reasonable time. "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross*, 648 S.W.2d at 858. This Court has affirmed the denial of a CR 60.02 motion filed five years post-conviction based on untimeliness. *Id.* Additionally, a motion filed more than twenty years after trial was determined to be untimely under CR 60.02. *Foley*, 425 S.W.3d at 884. Tyler has filed his current motion more than thirty years after his conviction. The trial court did not abuse its discretion when it determined Tyler's motion was untimely.

Furthermore, "[o]ur rules of civil procedure do not permit successive motions or the relitigation of issues which could have been raised in prior proceedings." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009) (citation omitted). Tyler has filed twelve post-conviction motions since his judgement and sentence. Moreover, Tyler's latest motion is an attempt to relitigate an issue that has already been presented.[3] Because Tyler's post-conviction motion

---

[3] *See* No. 2004-CA-1666-MR and No. 2012-CA-0390-MR.

is successive in nature and has already been litigated, it is improper under Kentucky law.

> Tyler's claim under CR 60.03 must also fail.
>
> Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. ***Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule***.

CR 60.03 (emphasis added).

The plain language of CR 60.03 requires a separate, independent action, which Tyler did not file. Moreover, because his argument is based upon the same core grounds that failed to satisfy CR 60.02, he is not entitled to relief under CR 60.03. *Foley*, 425 S.W.3d at 888. We thus find that the trial court did not abuse its discretion when it denied Tyler's CR 60.03 motion.

## IV. CONCLUSION

For the foregoing reasons, we affirm the August 24, 2022 order of the Henderson Circuit Court denying Appellant relief pursuant to CR 60.02 and 60.03.


ALL CONCUR.

BRIEF FOR APPELLANT:

Terry W. Tyler, *pro se*
Richmond, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky