RENDERED:  JANUARY 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0392-MR

BRENDA HARDIN                                                          APPELLANT

APPEAL FROM MUHLENBERG CIRCUIT COURT
v.                HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 14-CR-00156

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND McNEILL, JUDGES.

COMBS, JUDGE:  Appellant, Brenda Hardin (Hardin), appeals from an Order of

the Muhlenberg Circuit Court denying her motion as an impermissible, successive

CR[1] 60.02 motion.  After our review, we affirm.

On August 11, 2015, Hardin was convicted of murdering her ex-

husband and received a sentenced of life imprisonment.  In *Hardin v.*

---

[1] Kentucky Rules of Civil Procedure.

*Commonwealth*, No. 2015-SC-000614-MR, 2016 WL 7665872 (Ky. Dec. 15, 2016), our Supreme Court affirmed her conviction and sentence on direct appeal.

On August 8, 2022, Hardin, *pro se*, filed her first motion for post-conviction relief under CR 60.02 in Muhlenberg Circuit Court. The circuit court denied the motion. This Court affirmed that denial in *Hardin v. Commonwealth*, No. 2022-CA-1096-MR, 2023 WL 6932986 (Ky. App. Oct. 20, 2023).[2]

On February 20, 2024, Hardin filed another motion in the Muhlenberg Circuit Court captioned as follows:

> **<u>MOTION TO AMEND FINAL JUDGMENT, PURSUANT TO RCR 60.02, RCR 60.03, AND THE 6TH, 8TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND §§ 110(2)(b) AND §§ 115 OF THE KENTUCKY CONSTITUION NUNC-PRO-TUNC</u>**

(Bold-face, upper case, and underline original.) Except for the nunc-pro-tunc language, the caption is identical to the caption of Hardin's 2022 motion. Moreover, the body of Hardin's 2024 motion is substantially the same as her 2022 motion -- except that in 2024, Hardin also alleged that the trial judge "was remiss in failing to recuse himself despite close personal relationship with Victim."

---

[2] As noted, Hardin did not file an independent action as required by CR 60.03. She mentioned CR 60.03 in the caption of her August 8, 2022, motion, but she only raised arguments under CR 60.02. Consequently, the circuit court treated that motion as one brought under CR 60.02. *Hardin*, 2023 WL 6932986, at *1, n.1.

By Order entered on February 27, 2024, the circuit court denied

Hardin's motion as follows:

1. In the Commonwealth, it is well-settled that a successive CR 60.02 motion is impermissible upon any ground that could have been raised in the prior CR 60.02 proceeding. *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009). "CR 60.02 does not permit successive post-judgment motions[.]" *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky.2014).

2. In the case at bar, Defendant filed a *pro se* motion under CR 60.02 on August 8, 2022. Thus the present motion is a successive motion, and the grounds alleged could have been, and in fact *have been*, raised in her prior motion. All the issues raised by Defendant, including those related to her mental health; the voluntariness of her statement given to the police while hospitalized; and the impact of her decision not to testify at trial, were all previously considered by this Court (during trial or in its order denying Defendant's prior CR 60.02 motion) and subsequently addressed by the appellate courts.

3. The only new issue raised by Defendant is her claim that "[t]he trial judge was remiss in failing to recuse himself despite [a] close personal friendship with [the] victim." Plaintiff's motion, at 15. This bare allegation is utterly false.

Hardin appeals. "We review the denial of a CR 60.02 motion under

an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886

(Ky. 2014).

-3-

The trial court is correct that "CR 60.02 does not permit successive post-judgment motions[.]" *Foley*, *supra*, at 884. The fact that Hardin raised a new issue in her February 20, 2024, motion -- *i.e.*, that the trial court was remiss in failing to recuse himself -- is of no avail. "Our rules of civil procedure do not permit successive motions or the relitigation of issues which could have been raised in prior proceedings." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009). We agree with the circuit court that Hardin's present motion is a successive motion. Thus, because it is procedurally barred, we may not reach the merits.

We affirm the February 27, 2024, Order of the Muhlenberg Circuit Court denying Hardin's motion.


ALL CONCUR.


BRIEF FOR APPELLANT:

Brenda Hardin, *pro se*
Pewee Valley, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky