RENDERED: AUGUST 29, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0909-MR

SIMEON MCKINNIE                                                    APPELLANT

v.          APPEAL FROM KENTON CIRCUIT COURT
            HONORABLE PATRICIA M. SUMME, JUDGE
            ACTION NO. 15-CR-00199-001

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, KAREM, AND MOYNAHAN, JUDGES.

CETRULO, JUDGE: Appellant Simeon McKinnie ("McKinnie"), *pro se*, appeals an order of the Kenton Circuit Court denying his Kentucky Rule of Civil Procedure ("CR") 60.02[1] motion to set aside his 2016 conviction. After review, we affirm the circuit court's order.

---

[1] Although a civil rule, CR 60.02 is applicable in criminal cases "to the extent not superseded by or inconsistent with" the Kentucky Rules of Criminal Procedure ("RCr"). RCr 13.04.

## BACKGROUND

In April 2016, a Kenton County jury found McKinnie guilty of first-degree manslaughter, first-degree assault, and two counts of first-degree robbery. The jury recommended a total sentence of 55 years, which the circuit court imposed. On direct appeal, McKinnie challenged the Commonwealth's closing argument, the jury instructions, and the trial court's decision to overrule his motion to compel production of the Commonwealth's interview with a key witness, DeLaun Hayes ("Hayes"). *McKinnie v. Commonwealth*, No. 2016-SC-000348-MR, 2017 WL 2591810 (Ky. Jun. 15, 2017). Finding no error, the Kentucky Supreme Court affirmed McKinnie's conviction. *Id.*

In May 2018, McKinnie filed a *pro se* motion to vacate his conviction pursuant to CR 60.02(f), arguing a recent recantation by another key prosecution witness, Charles Knox ("Knox"), was of such an extraordinary nature that it justified relief. The circuit court denied the motion on procedural grounds (as the motion was more akin to a CR 60.02(c) motion and untimely), and because the Knox affidavit was not sufficient or specific enough to determine if the witness's testimony was truthful. McKinnie did not appeal this order.

In May 2019, McKinnie filed *pro se* motions to vacate, set aside, or correct his sentence under RCr 11.42, for an evidentiary hearing, to proceed *in forma pauperis*, and for appointment of counsel. He argued: (1) his trial counsel

-2-

should have moved to dismiss the assault charge because it was a double jeopardy violation when charged along with robbery; (2) trial counsel failed to investigate and/or elicit favorable testimony from Knox and Hayes; and (3) trial counsel was ineffective for failing to obtain a qualified expert under *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993). *McKinnie v. Commonwealth*, No. 2021-CA-0583-MR, 2023 WL 1871473 (Ky. App. Feb. 10, 2023).

In April 2021, in pertinent part, the circuit court denied his motion to vacate, set aside, or correct his sentence because: (1) his double jeopardy argument was addressed on direct appeal and failed on the merits; (2) his failure-to-investigate claim lacked specific facts and his trial counsel adequately advocated for him; and (3) his counsel did put forth a gunshot wounds expert, but the court determined the testimony did not meet the *Daubert* standards. Finally, the court declined to grant an evidentiary hearing as it determined the allegations could be resolved on the face of the record. McKinnie appealed.

On appeal – in addition to repeating his argument that counsel should have elicited favorable testimony from Knox and Hayes – McKinnie argued the trial court erred by making findings outside the record and denying him an evidentiary hearing. In support, McKinnie attached two affidavits – by Knox and Hayes – recanting their testimonies. At trial, both Knox and Hayes testified McKinnie had a gun, but their subsequent affidavits asserted McKinnie did not

have a gun on the fateful night. Ultimately, this Court determined that he did not meet his burden of proving his trial counsel was ineffective. *Id.*

In November 2023, McKinnie filed his second CR 60.02 motion, the root of this appeal. McKinnie asserted the Knox and Hayes affidavits (and audio recordings of Knox and Hayes consistent with those affidavits) established his "innocence," the prosecution improperly had "secret meetings" with Knox and Hayes to pressure them into falsely testifying against him, and he repeated his double jeopardy and ineffective assistance of counsel arguments.

In June 2024, the circuit court denied this second CR 60.02 motion. The court held that McKinnie failed to present new evidence that would likely produce a different result at a new trial. More specifically, the court determined that: (1) the affidavits of Knox and Hayes did not convince the court of the truthfulness of their recantations nor outweigh their trial testimonies; (2) McKinnie's "secret meetings" accusation lacked specificity and did not demonstrate prosecutorial misconduct nor unfairness; and (3) McKinnie did not meet his burden of showing the need for an evidentiary hearing. McKinnie appealed.

## ANALYSIS

"The standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion." *White v. Commonwealth*, 32 S.W.3d

83, 86 (Ky. App. 2000) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 361 (Ky. 1996)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

On appeal, McKinnie argues the evidence as a whole – both old and new – warrants a new trial "in the interest [of] fairness." In full, he asserts that the recantations of two key witnesses now establish his innocence; his convictions are impermissibly duplicative and constitute double jeopardy; the Commonwealth improperly met with Knox and Hayes and failed to establish criminal liability; and the trial court erred in denying his expert witness and an evidentiary hearing. However, each of McKinnie's arguments are procedurally barred as they were addressed or could have been addressed in prior appeals.

The purpose of a CR 60.02 motion is to request "relief that is not available by direct appeal and not available under RCr 11.42." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). Kentucky law prohibits "successive [CR 60.02] motions or the relitigation of issues which could have been raised in prior proceedings." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009) (citing *Gross*, 648 S.W.2d at 856-57); *see also McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997) ("The obvious purpose of this

principle is to prevent the relitigation of issues which either were or could have been litigated in a similar proceeding.").

In previous appeals, McKinnie challenged the evidence, presented the recantations, argued double jeopardy, alleged prosecutorial misconduct, and contested the denial of his expert witness and an evidentiary hearing. Again, "[i]t is within the sound discretion of the trial court whether to grant or deny relief pursuant to CR 60.02. Thus, we will reverse only upon a finding of an abuse of that discretion." *Priddy v. Commonwealth*, 629 S.W.3d 14, 17 (Ky. App. 2021). McKinnie does not assert how the court abused its discretion in denying his duplicative CR 60.02 motion. As his arguments are procedurally barred, we cannot find that the circuit court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. The heart of McKinnie's appeal challenges the sufficiency of the evidence at trial, but those constitute direct appeal issues, which are not reviewable in a CR 60.02 motion. *See Gross*, 648 S.W.2d at 856.

## CONCLUSION

Accordingly, we AFFIRM the Kenton Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Simeon McKinnie, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky